Albert A. Rubin, J.
The defendants were charged with two separate violations of section V of article XI of Building Zone Ordinance No. 51; one allegedly taking place on August 28,1969, and the other on August 29, 1969. Each charge alleges that the defendants kept pigeons on premises 100 Lakeview Avenue, Rockville 'Centre, New York, on the respective dates. Counsel consented that both cases be tried together as the facts involved were virtually identical.
The ordinance in question reads as follows: 11 The keeping or breeding of poultry, pigeons, horses, livestock, wild animals and farm animals and the breeding of dogs shall not be permitted in any district of the Village ”.
By stipulation the defendants admitted that they kept and maintained pigeons on said premises, located in a Residence A District in Rockville Centre.
At the inception of this case, defendants’ motion to have the court disqualify itself was denied. Thereafter, at various stages of this two-day trial, and at the conclusion thereof, defendants made various other motions to dismiss covering the following points:
1. That the People did not prove their case beyond a reasonable doubt.
2. That the defendants had legally established the use of Antwerp pigeons as a nonconforming use prior to the enactment of the ordinance.
*650 3. That no village permission or permit was required to continue this use.
4. That there is a distinction between pigeons per se and Antwerp pigeons, and therefore the ordinance is unclear and unenforceable.
5. That the Civil Defense Director had issued a permit in 1954 for the keeping and flying of pigeons.
6. That this ordinance came within the police powers of the village only if the pigeons were shown to be a nuisance or a danger to the health and welfare of the community.
7. That pigeons are not disease carriers and are not per se a nuisance.
8. That the subject ordinance has not been enforced in .this village against anyone except these defendants, and thus there was a denial of equal protection to defendants in violation of the Constitution of the United States.
9. That the Frank Rugolo case (heard on the same trial dates) was instituted by the village solely to prevent these defendants from claiming unequal enforcement of the law.
10. That the defendants had maintained their pigeons for many years in the urban renewal area without being disturbed by the village.
11. That the village condemned defendants’ house at 43 Maine Avenue, Rockville 'Centre (in the urban renewal area) where they claim they had a nonconforming use, and compelled the defendants to move.
12. That according to the urban renewal rules, the move must be “ under acceptable and similar circumstances ”.
13. The principle of law that a nonconforming use cannot be transferred is inapplicable in the case at bar because: (a) the village assisted other businesses in the urban renewal area to move within Rockville 'Centre; (b) it applies only to persons who voluntarily move; (c) defendants did not abandon the nonconforming use — they transferred it.
14. While a nonconforming hobby use could be negated by ordinance, a substantial business use could not.
Decision was reserved on all motions.
The court finds that the essential elements of proof were established by the People. The defendants admitted ownership and the keeping of pigeons.
The applicable section of the village ordinance was introduced into evidence, as was the building permit and other exhibits. Nowhere in the prolix testimony is there any indication that the defendant had “official” permission to keep and maintain *651 pigeons at their new residence. In fact, quite to the contrary, it was denied by the Building Inspector.
The court is satisfied that the generic term “ pigeon ” includes “Antwerp pigeons ”, “homing pigeons ”, and “Van Rael pigeons ”, and any other type of pigeon that may have come into discussion during the course of the trial.
On the claim of unequal enforcement, the defendants have failed to establish their contention as a matter of law. There are two requirements for this type of defense. 1. Bad motive; and 2. Nonenforcement as to others similarly situated (People v. Friedman, 302 N. Y. 75; People v. Walker, 14 N Y 2d 901). (The dissenting opinion of J. Burke in the Walker case sets the tests and standards for this type of defense. The defendants have failed to meet these tests.) Although given ample opportunity to do so, the defendants were unable to name or identify other alleged violators against whom prosecution had not been attempted.
The court finds that the ordinance and the specific article under which the defendants are charged is a valid and reasonable exercise of the police powers of the Incorporated Village of Rockville 'Centre. There is always a presumption that legislative enactments are constitutional. The burden of proof as to invalidity of a statute rests on the challenger, and this burden has not been met.
The defendants relied heavily upon the fact that they had been compelled to move from the urban renewal area, and that they had tacit approval from various village employees not only to move but to take their pigeons with them, and re-establish them in Rockville Centre. In this connection, the defendants claim they made an application for a permit to erect a shed or building for a place to keep and maintain the pigeons, and that this building permit was issued by the Building Department for this purpose with the full knowledge of the Building Superintendent. The building permit was admitted into evidence, and the application of defendant indicates that the building was to be used as a “sectional utility shed, 25 x 8 removable ”. Nowhere does it mention the word “ pigeons ” or any variation thereof.
The Building Inspector, "William Williams, testified that the defendant showed him the area and that the defendant agreed it would be used for a utility shed only. On that basis the building permit was issued.
I find little merit in the argument that because defendants were using their residence for a nonconforming use while living *652 in what was to become the urban renewal area they could transfer this use to another Residence 'A District inside the incorporated village limits. Defendants’ counsel conceded that if this were solely a hobby that a village ordinance could negate the use. Thereafter, there was vacillation on whether this was and is a business or a hobby. Suffice to say, regardless of whether it be a business or a hobby, I find that the village possesses the power to cause the use to terminate (Matter of Harbison v. City of Buffalo, 4 N Y 2d 553).
Defendants theorize that the same conditions that surrounded them when they were in the urban renewal area now apply to the situation where they have moved to the subject premises. I cannot concur in defendants’ contention. The urban renewal area was slated for demolition because it was a blighted area — in need of total rehabilitation. To take any elements that may have contributed to the blight and deliberately transfer them to another Residence A District would be planting the seed of a future blighted area. To follow defendants’ contention to its logical conclusion, it would mean, in the language of the Harbison case, “ that the use of land for such purposes as * * * readily transíerrable to another site • — ■ at the date of the enactment of a zoning ordinance vests the owner thereof with the right to utilize the land in that manner in perpetuity, regardless of the changes in the neighborhood over the course of time ”.
The court finds that all the essential elements to prove the defendants’ guilt have been established by the 'People. The defendants are in violation of the ordinance. The keeping of pigeons is in direct contravention of the statute. They cannot maintain this nonconforming use in this instance.
All defendants’ motions to dismiss are denied. I find the defendants guilty as charged.
In accordance with section 65.05 et seq. of the Penal Law of the State of New York, the court makes the following findings and imposes the following sentence of conditional discharge upon these defendants:
Findings:
1. That on the dates charged the defendants were keeping pigeons in violation of the ordinance.
2. That the keeping of pigeons by the defendants constitutes the conduct of a business at premises 100 Lakeview Avenue — a Residence A District in the Village of Rockville Centre.
Decision:
To afford the defendants an opportunity to voluntarily abate their illegal use, the court directs that:
*653 A. On or before July 10, 1970 the People and defendants’ counsel present a suitable plan for the defendants divesting themselves of these pigeons and the businesses associated therewith.
B. Consistent with the principles enunciated in Matter of Harbison v. City of Buffalo, it is suggested that such plan provide that defendants receive a period of time, not to exceed the end of the calendar year 1970, to divest themselves of the pigeons and businesses.
C. If a suitable plan, agreed to by both the People and the defendants in writing, is not submitted to the court as directed by July 10, 1970, then these defendants are directed to appear before the court on Tuesday, July 14, 1970, at 9 p.m. for resentencing for the violations of the ordinance.