Dougal C. POPE, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 5794.

Court of Civil Appeals of Texas, Waco.

Dec. 15, 1977.

Rehearing Denied Jan. 5, 1978.

Edward W. Engel, Pope & Waits, Houston, for appellant.

Otis H. King, City Atty., Roy F. Martin, III, Asst. City Atty., Houston, for appellee.

## OPINION

JAMES, Justice.

This is a case involving the constitutional validity of a city ordinance. The trial court held in favor of the City, and that the Plaintiff-Appellant take nothing. We affirm.

Plaintiff-Appellant Dougal C. Pope brought this suit against the Defendant-Appellee City of Houston seeking injunctive relief, to have certain ordinances of the City relating to abatement of health nuisance declared unconstitutional as a violation of due process, and to have liens removed from two pieces of Plaintiff Pope's property.

Trial was had to the court without a jury after which the trial court entered judgment that Plaintiff Pope take nothing, from which he appeals.

Plaintiff-Appellant contends that the city ordinances in question violate his right to due process of law, both in their provisions wherein he says they deny him a hearing, and in the manner of application and enforcement on the City's part. We overrule these contentions and affirm the trial court's judgment.

Plaintiff is the owner of several parcels of real estate located within the City of Houston, some of which are unimproved or vacant lots. Two pieces of such property are involved in this suit, to wit, one piece being located in the 7200 block of Saunders Street, and the other being located at the southeast corner of Charles and Exeter Streets.

Plaintiff testified that he received a letter from the City dated April 5, 1971, stating that he had ten days to clean the weeds, brush, and rubbish off the Saunders Street property, and that subsequently thereto he went out and had the property cleaned up.

In addition to weeds and brush on this property, there was a burned-out house thereupon. Thereafter, he received a second letter from the City dated July 20, 1971, telling Plaintiff that he had taken no action to clean up the Saunders Street property in response to the City's first letter, so that the City had cleaned the lot up, for which Plaintiff owed $110.00. Said second letter further advised Plaintiff that if he did not pay this $110.00 to the City within sixty days from the date of this second letter that the City would file a certified statement in the County Clerk's office which would entitle the City to a lien on said Saunders Street property. Plaintiff did not pay the $110.00, whereupon the City filed the certified statement after the expiration of the sixty-day period.

Plaintiff complains that prior to the City's decision that his property was a nuisance, and prior to the City's fixing of a lien on the Saunders Street property, he never received a notice for any hearing to be had concerning such matter, nor was he afforded any hearing therefor, short of filing suit in the District Court.

Plaintiff further testified that he received a letter from the City dated June 19, 1972 stating that he was allowed ten days in which to clean up the property on the corner of Charles and Exeter Streets; that thereafter, to wit, by the City's letter of August 24, 1972, the City informed him that since he had not cleaned up said lot, the City had done so, and the charge therefor was $50.00; that if he did not pay the City the $50.00 within sixty days that the City would fix a lien against this property in the same manner hereinabove stated concerning the Saunders Street property. Plaintiff likewise complains of a lack of notice and hearing concerning the nuisance decision and fixing of the lien on the Charles-and-Exeter Streets property, which he asserts constituted a violation of due process.

The ordinances in question are City of Houston Code of Ordinances, Chapter 21, Abatement of Health Nuisances, Sections 21–50 through 21–58, passed pursuant to Article 11, Section 5, of the Texas Constitution, and Article 1175, Vernon's Annotated Texas Statutes.

Article 1175, Section 19 in its pertinent parts provides:

"Each city shall have the power to define all nuisances and prohibit the same within the city _____."

Section 34 of Article 1175 provides: (The city shall have power).

"To enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants."

Without detailing the provisions of the ordinances in question, they in effect authorize the procedure followed by the City in connection with Plaintiff-Appellant Pope's two pieces of property as hereinabove referred to, That is to say, whenever the existence of a nuisance caused by "weeds, brush, rubbish or other objectionable, unsightly or insanitary matter" upon real property in the City comes to the attention of the City's director of public health, that the City is entitled to follow the procedure which they employed in connection with Mr. Pope's two pieces of property.

Plaintiff-Appellant further complains that as a matter of policy and procedure the City takes no action on any pieces of property which may constitute a nuisance unless a complaint is filed; in other words, in the absence of a complaint, the City takes no action concerning such nuisances; that there are other pieces of property in the vicinity of Plaintiff's properties in question which have weeds and brush as high as that on Plaintiff's properties, as well as in other parts of town, against which the City has taken no action. Plaintiff contends that this policy and manner of enforcement of these ordinances constitute an unlawful discrimination against him. We overrule all of Plaintiff's contentions.

■ We are of the opinion and hold that the City ordinances in question are in harmony with the State and Federal Constitutions and Article 1175 V.A.T.S., and provide

for a reasonable and proper exercise of the police power of the City. See *Town of Ascarate v. Villalobos* (1949) 148 Tex. 254, 223 S.W.2d 945; *City of Waxahachie v. Watkins* (1955) 154 Tex. 206, 275 S.W.2d 477; *City of Houston v. Johnny Frank's Auto Parts Co.* (Houston, 14th Tex.Civ.App. 1972) 480 S.W.2d 774, NRE.

Plaintiff-Appellant contends that he was not afforded a notice and hearing before his respective properties were each found by the City to constitute a nuisance, nor was he afforded a notice and hearing before the lien was affixed to each piece of property. We cannot agree with this argument, because he admits that he received a written notice each time giving him ten days in which to clean up, and then he thereafter received another written notice each time giving him sixty days in which to pay the charges for the City's clean-up before the perfecting of each of the City's liens. Then finally, after the liens were perfected, Plaintiff-Appellant had the right to file suit in the District Court for judicial review of the City's actions, and did do so. In our opinion the ordinances in question apply to all persons similarly situated throughout the City, and are a reasonable exercise of the police power of the City. We believe Plaintiff-Appellant was afforded ample notice and opportunity to be heard, so that he suffered no denial of due process. Moreover, such city ordinances are not unconstitutional merely because they operate as a restraint on private rights of persons or property, or result in financial loss to individuals. 40 Tex.Jur.2d, "Municipal Corporations," Sec. 338, pp. 103, 104, and the cases therein cited.

It is a matter of common knowledge that a vacant lot that is allowed to accumulate weeds, brush, and/or rubbish may well constitute a health hazard nuisance for reasons that it may be a fire hazard, harbor rodents, mosquitoes, wild or rabid animals, and depreciate property values of neighboring property. We believe that all of these things are proper objects and considerations for the exercise of the police power.

We are unable to see merit in Appellant's contention that he has been denied due process because of the City's policies or manner of enforcement of the ordinances in question. As stated, Appellant asserted that the City investigated and took action on these matters only when a complaint was made. Assuming this is true, this policy or procedure was uniformly applied to all properties similarly situated. The City may not be able to deal with all such lots at the same time it deals with Plaintiff's properties. In our opinion, the fact that there are other lots in the City with weeds and brush as high as Plaintiff's which have not been acted upon by the City does not excuse Plaintiff or render him immune from the reasonable and proper exercise of the City's police power.

We have carefully considered all of Plaintiff-Appellant's points and contentions, and overrule same as being without merit.

Judgment of the trial court is affirmed.

AFFIRMED.