**SHANGRI–LA ENTERPRISES, LTD., a Wisconsin Corporation, Plaintiff,**

v.

**James BRENNAN, City Attorney, City of Milwaukee, Wisconsin, et al., Defendants.**

**No. 79–C–1051.**

United States District Court,
E. D. Wisconsin.

Jan. 29, 1980.

Shellow & Shellow by Stephen M. Glynn, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty., by Jeffery A. Wagner, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This is an action for declaratory and injunctive relief to restrain the application of a Milwaukee municipal ordinance which prohibits the location of "adult" bookstores and movie theaters within one thousand feet of each other. The matter is before me on the plaintiff's motion for a preliminary injunction and the defendants' cross motion to dismiss for lack of jurisdiction and failure to state a claim. For reasons which follow, the defendants' motion will be granted.

## I. FACTUAL BACKGROUND

The complaint contains the following allegations. The plaintiff operates an adult bookstore presently located at 755 N. 3rd Street in Milwaukee. Situated within one thousand feet of this address is the Princess Cinema, an adult movie theater. Both these establishments have been located at their present addresses for over a decade.

On June 14, 1977, the Milwaukee common council passed an ordinance creating § 16–9(4)(b)(5) of the Milwaukee zoning regulations. This provision requires that a special use exception be obtained to operate any building as an adult bookstore and also provides that no such exception will be granted if the bookstore is located within one thousand feet of another adult bookstore or movie theater. The complaint alleges that this zoning regulation has never been applied to prohibit the operation of either the plaintiff's bookstore or the Princess Cinema.

On May 3, 1979, the plaintiff was notified that the city of Milwaukee intended to acquire by eminent domain the property upon which its bookstore is located. In preparation for relocating at another site, the plaintiff secured an option to purchase the premises located at 838 N. 3rd Street, which is also located within one thousand feet of the Princess Cinema. Shortly thereafter, the plaintiff received a notice from the city that it would have to obtain a variance or special use permit from the board of zoning appeals to operate its adult bookstore at the new site, pursuant to § 16–9(4)(b)(5).

On November 19, 1979, the board of zoning appeals, after conducting public hearings, denied the plaintiff's request for a variance or special use permit to operate an adult bookstore on the new premises. On December 6, 1979, the city attorney's office advised the plaintiff that, if the plaintiff opened its adult bookstore at the new site, the city would prosecute the plaintiff for violating the ordinance. Such a prosecution could result in the issuance of an injunction against further operation and the imposition of fines ranging from twenty-five to five hundred dollars for each day of operation. Failure to pay the fines could result in imprisonment for a period of two days to six months for each day of unlawful operation.

The plaintiff's option to purchase the new site expires on February 3, 1980, and cannot be renewed unless the plaintiff agrees to forfeit the option money it has paid which would otherwise be applied to the purchase price. The option now in effect is the second the plaintiff has purchased; the first one expired on December 18, 1979, during the pendency of this action.

Pointing to the involuntary circumstances of its relocation, the plaintiff asserts that the application of § 16–9(4)(b)(5) to the operation of its bookstore at the new site will deny it due process and freedom of expression. Specifically, the plaintiff charges that the sole purpose for the threatened prosecution is to chill the plaintiff's exercise of first amendment rights. The plaintiff requests that the application of the ordinance in the circumstances presented here be declared unconstitutional and that the defendants be enjoined accordingly.

## II. JURISDICTION

The defendants contend that this court lacks subject matter jurisdiction over the complaint because the plaintiff has failed to allege a specific constitutional violation, to exhaust its state legal remedies, and to notify the state attorney general of this action. These contentions are meritless.

The complaint bases jurisdiction on 28 U.S.C. §§ 1343(3), 2201, and 2202; it seeks declaratory and injunctive relief to redress the deprivation of the plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. Moreover, the complaint specifically alleges that the threatened prosecution is aimed at chilling the plaintiff's exercise of constitutionally protected rights. These allegations are clearly of sufficient substance to confer jurisdiction on this court. *See Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Such jurisdiction is not defeated by the plaintiff's failure to refer this action to the state courts since there is no requirement that state remedies first be exhausted in a case such as this. *See Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Nor is the court's jurisdiction affected by the plaintiff's failure to serve a copy of the pleadings on the state's attorney general; the state statute mandating such service applies in federal courts sitting in diversity

actions, but it does not apply here where jurisdiction is predicated on the existence of a federal question. See *Allstate Insurance Co. v. Charneski*, 286 F.2d 238 (7th Cir. 1960).

Finally, I note that since there is no alternative state proceeding now pending in which the plaintiff might raise its constitutional arguments, this is not an appropriate case for the application of the doctrine of equitable restraint. See *Ahrensfeld v. Stephens*, 528 F.2d 193, 197 (7th Cir. 1975). Accordingly, I will consider the merits of the plaintiff's allegations.

### III. FAILURE TO STATE A CLAIM

The plaintiff concedes, as it must, that the instant zoning restriction is constitutional. *Young v. American Mini Theatres*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). The plaintiff also does not challenge the city's taking of the property where its bookstore is presently located. Rather, the plaintiff contends that it has a property interest in conducting its operation in the area of its present site, notwithstanding the zoning restriction, and that it "should be allowed" to transfer this interest to the new site because it is relocating involuntarily. The plaintiff has not cited, nor have I found, any constitutional authority for this position.

The weakness in the plaintiff's argument is that, even assuming the plaintiff has a property interest in operating at the present location, there is no doubt that this interest can be extinguished by a valid exercise of the power of eminent domain. Once this has been accomplished, the *American Mini Theatres* decision clearly upholds the city's power to prevent the relocation of the plaintiff's enterprise at the restricted site. The fact that the plaintiff is relocating involuntarily is without constitutional significance, as long as just compensation is paid; it also appears that state law does not recognize the right to transfer this property interest following an involuntary loss. See *State ex rel. Covenant H. Bible Camp v. Steinke*, 7 Wis.2d 275, 283–85, 96 N.W.2d 356 (1959). See also *State v. Phal*, 254

Minn. 349, 95 N.W.2d 85 (1959); *People v. Benincasa*, 63 Misc.2d 648, 313 N.Y.S.2d 211 (1970).

To avoid the impact of the *American Mini Theatres* case, the plaintiff alleges that the sole purpose for the threatened prosecution is to suppress protected expression. See *United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). However, the mere threat to enforce this constitutional ordinance is not evidence of an impermissible governmental purpose to chill freedom of expression. Without more, such as a proper allegation of selective enforcement, see *United States v. Niemiec*, 611 F.2d 1207, at 1209 (7th Cir. 1980), this allegation is legally insufficient.

### CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for dismissal be and hereby is granted.

IT IS FURTHER ORDERED that the plaintiff's complaint and this action be and hereby are dismissed.