456

PARK VIEW SAND & GRAVEL,
INC., Plaintiff,

v.

TOWN BOARD OF ROCHESTER, Gary
Beck, Bob Willard, Racine County, Ra-
cine County Board of Supervisors, Ra-
cine County Land Use, Agricultural,
Environmental and Extension Edu-
cation Committee, Raymond Moyer,
Ross Hermes, David Yanny, Norman
Bauernfeind, Jean Jacobson, Robert
Johnson, Cletus Roanhouse, and Lu-
cille Sheahan, Defendants.

Civ. A. No. 85-C-1153.

United States District Court,
E.D. Wisconsin.

Dec. 13, 1985.

Kasdorf, Lewis & Swietlik, S.C. by Mi-
chael J. Cieslewicz, Milwaukee, Wis., for
defendants Town of Rochester, Gary Beck
and Bob Willard.

Scott W. Hansen and Richard P. Carr,
Reinhart, Boerner, Van Deuren, Norris &
Rieselbach, S.C., Milwaukee, Wis., for
plaintiff.

Mark Janiuk, Deputy Corp. Counsel for
Racine, Racine, Wis., for defendants Racine
County, Racine County Land Use, Agr.,
Environmental and Extension Educ. Com-
mittee, Raymond Moyer, Rooss Hermes,
David Yanny, Norman Bauernfiend, Jean
Jacobson, Robert Johnson, Cletus Roan-
house and Lucille Sheahan.

DECISION AND ORDER

REYNOLDS, Chief Judge.

Park View Sand & Gravel, Inc. ("Park
View") seeks damages it claims to have
suffered as a result of defendants' alleg-
edly unconstitutional failure to allow plain-
tiff to operate a gravel pit on its land, in
violation of state court orders.

Park View brings this action under 42
U.S.C. § 1983, alleging that the defendants
denied plaintiff its rights to equal protec-
tion of the law and substantive due pro-
cess. This Court asked the parties to brief
the question of whether the state court
might be the appropriate tribunal to hear
the plaintiff's claims. That question was
fully briefed on November 1, 1985. On
October 31, 1985, the plaintiff moved for a
jury trial. Plaintiff filed a motion for sum-
mary judgment on November 14, 1985.
The court has not considered plaintiff's mo-
tions for a jury trial or for summary judg-
ment because it finds that the plaintiff
must seek relief in state court.

Park View has obtained two state court
judgments ordering the defendants to
grant it permits to operate a gravel pit, and
further finding that the defendants denied
the plaintiff equal protection of the law by

refusing to grant the permits. Plaintiff claims here that it is neither attempting to overturn the original decision of the defendants nor attempting to enforce the state courts' judgments. Rather, it seeks damages under § 1983 because the defendants denied the plaintiff's constitutional rights and failed to comply with the state courts' judgments.

Plaintiff's argument that it can sue for damages under § 1983 in a federal court after the defendants failed to obey a state court judgment which found a denial of equal protection is a novel one. The argument is also unpersuasive. The plaintiff must seek its remedies in the state courts either for enforcement of the state courts' judgments or for the damages it is entitled to, if any.

In the *City of Oak Creek v. Milwaukee Metropolitan Sewerage District*, 576 F.Supp. 482 (E.D.Wis.1983), this court held that § 1983 may not be used as a vehicle for federal supervision of land use policy. 576 F.Supp. at 487. Under the facts of that case, the court held that the plaintiff could obtain the procedural and substantive due process to which it was entitled from the statutory condemnation procedure found in state law. 576 F.Supp. at 487.

Park View cites two cases in which this court held that § 1983 could be used to enjoin zoning laws which had an effect on real estate, but both of those cases basically deal with the traditional form of civil rights that § 1983 has been used to protect. In *Timberlake v. Kenkel*, 369 F.Supp. 456 (E.D.Wis.1974), *vacated and remanded*, 510 F.2d 976 (7th Cir.1975), the plaintiffs challenged the municipal code of the Village of Shorewood, which code prohibited two families from sharing the same house. *Shangri-la Enterprises, Ltd. v. Brennan*, 483 F.Supp. 281 (E.D.Wis.1980), dealt with ordinances relating to adult book stores. Neither of these cases stand for the proposition that § 1983 may be used in traditional land use cases.

I am satisfied that plaintiff must pursue whatever remedies it has in state court, and may not bring this § 1983 action based on the facts of this case. There are adequate state procedures through which the plaintiff can seek relief.

IT IS THEREFORE ORDERED that the above-entitled action is dismissed without prejudice and without costs to any party.