Marjorie LUNDQUIST, Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 86–C–695.

United States District Court,
E.D. Wisconsin.

Aug. 15, 1986.

---

Richard L. Zaffiro, West Allis, Wis., for plaintiff.

Grant Langley, City Atty. by Beverly Temple, Asst. City Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Marjorie Lundquist, filed this action pursuant to 42 U.S.C. § 1983, asserting a claim for violation of her fifth and fourteenth amendment due process rights. Ms. Lundquist seeks injunctive relief and damages for injuries she has allegedly suffered as a result of certain action taken and threatened by agents of the defendant City of Milwaukee (the City) with respect to the vegetation growing in her yard.

On July 11 and 23, 1986, the court heard oral arguments on the plaintiff's motion for a temporary restraining order to enjoin the City from enforcing Milwaukee City Ordinance § 80–17 (1970) (as amended), entitled "Hay Fever Weeds, etc." By virtue of the City's appearance at and full participation in the hearing on the plaintiff's motion, the court will treat the application as one for a preliminary injunction. *See Levas and Levas v. Village of Antioch, Ill.,* 684 F.2d 446, 448 (7th Cir.1982). Treated as such, the plaintiff's motion will be denied.

Ms. Lundquist owns and occupies the property located at 2735 North Humboldt Boulevard in the City of Milwaukee. On June 23, 1986, she received notice from the City's Bureau of Sanitation that her property was in violation of § 80–17 of the Milwaukee City Ordinances. Section 80–17 provides in pertinent part as follows:

(1) TO BE CUT. It shall be unlawful to permit within the City of Milwaukee, the pollenization of any grasses or weeds which cause or produce hay fever in human beings. In order to prevent such pollenization, none of the following grasses, and *no weeds of any kind shall be permitted to grow or stand more than one (1) foot high on any premises in the City....* (emphasis supplied)

(2) BY OWNER OR OCCUPANT. It shall be the duty of the owner and the

tenant, or occupant of any leased or occupied premises ... to comply with the provisions of this section both as to the premises owned or occupied and as to public sidewalks on which such premises abut.

. . . .

(5) PENALTY. Any person, firm, or corporation who shall be convicted of a violation of this section shall be subjected to a penalty *of up to one hundred dollars ($100)* for each and every offense, together with the costs of prosecution, and in default of payment of any such penalty or fine such person shall be imprisoned in the county jail or house of correction of Milwaukee county not in excess of 60 days, or until such penalty and costs shall be paid.... (emphasis supplied)

It is undisputed that at the time Ms. Lundquist received notice that her property was in violation of § 80–17(1) there was vegetation in her yard which exceeded one-foot in height. However, she contends that § 80–17 is unconstitutionally vague because it does not provide notice of which weeds are to be cut "with sufficient specificity to allow a person of ordinary intelligence to comply with the Notice and Ordinance." *See* plaintiff's complaint at par. 5. She also contends that agents of the City have threatened to sanction her failure to bring her premises into compliance with § 80–17(1) in a manner unauthorized by § 80–17(5), "without prior notice and opportunity for a hearing prior to imposition of such a sanction...." *See* plaintiff's complaint at par. 9.

■ As a preliminary matter, the court has been informed that Ms. Lundquist has complied with the June 23, 1986, weed destruction notice and that at the present time no prohibited grasses or weeds in excess of one-foot high blemish her property and neighborhood. The question thus arises whether the issues in this action have been rendered moot. Because the vegetation in her yard is likely to follow nature's way upward and over the one-foot mark, however, "[i]t can reasonably be as-sumed that [Ms. Lundquist] will be subjected to a similar" destruction notice in the future. *See Press-Enterprise Co. v. Superior Court,* —— U.S. ——, 106 S.Ct. 2735, 2739, 92 L.Ed.2d 1 (1986). Moreover, because of the short time period the notice provides for compliance (3 days), the matter is likely to evade judicial review in time to effectuate any order the court may enter. *Id.* Accordingly, I conclude that the case is not moot. *Id.; see also County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), *citing United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953), recognizing that "as a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.' "

Having hacked away at the underbrush in this case, I will turn to the merits. At this stage of the proceedings, the issue before me is whether the plaintiff is reasonably likely to prevail on her claim that § 80–17(1) is unconstitutionally vague on its face, in violation of due process. Under *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362 (1982), to succeed on her claim Ms. Lundquist "must demonstrate that the [ordinance] is impermissibly vague in all of its applications." "The root of the vagueness doctrine is a rough idea of fairness." *Colten v. Kentucky,* 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972).

■ Section 80–17(1) of the Milwaukee City Ordinances is not impermissibly vague in violation of due process. As in *Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972), " ... it is clear what the ordinance as a whole prohibits." Section 80–17(1) provides in part that " ... no weeds of any kind shall be permitted to grow or stand more than one (1) foot high...." The words "no" and "any" are used to indicate the maximum or whole of a number or quantity. As such, they are well chosen to place a person of ordinary intelligence on notice that every weed over one-foot high

without exception is prohibited. Ms. Lundquist does not contend that the City is without power to enact such a blanket prohibition.

The contention that the word "weeds" is impermissibly vague cannot be sustained. As its title indicates, the ordinance as a whole is designed to limit the growth of grasses and weeds which cause or produce hay fever in human beings. Section 80–17(1)'s failure to distinguish between wild vegetative growth over one-foot high which does and does not cause hay fever in human beings simply illustrates the practice difficulties in drafting cogent public health ordinances. *Cf. Colten, supra,* 407 U.S. at 110, 92 S.Ct. at 1957. However, the vagueness doctrine "is not a principle designed to convert" such practical difficulties "into a constitutional dilemma." *Id.* Indeed, if the ordinance were broken down scientifically into groups of weeds which do and do not cause hay fever in human beings, I think it would be even more difficult for a person of ordinary intelligence to understand and act upon than the way it currently reads.

In short, the design, purpose, and context of § 80–17(1) demonstrate the overall weakness of Ms. Lundquist's challenge. "The words of the [Milwaukee] ordinance are marked by 'flexibility and reasonable breadth, rather than meticulous specificity.'" *Grayned supra,* 408 U.S. at 110, 92 S.Ct. at 2299, *citing Esteban v. Central Missouri State College,* 415 F.2d 1077, 1088 (8th Cir.1969). The word "weeds" as used therein, moreover, is sufficiently well-rooted in the English language that "'citizens who desire to obey [the ordinance] will have no difficulty in understanding it....'" *See Colten, supra,* 407 U.S. at 110, 92 S.Ct. at 1957, *citing Colten v. Commonwealth* 467 S.W.2d 374, 378 (Ky.App. 1971). Therefore, I conclude that Ms. Lundquist has failed to demonstrate a reasonable likelihood that § 80–17 is impermissibly vague in all of its applications." *Hoffman Estates, supra,* 455 U.S. at 497, 102 S.Ct. at 1192.

Ms. Lundquist's allegations concerning the threats made by the defendant's agents to sanction her failure to comply with § 80–17(1) in a manner unauthorized by § 80–17(5) are uncontroverted in the record. These allegations, at paragraph 9 of the plaintiff's complaint and paragraph 8 of her affidavit, indicate that agents of the City have threatened to order a private contractor to come onto her property and cut her weeds, at her expense, if she fails to do so herself. Section 80–17(5) authorizes no such sanction for violations of § 80–17(1).

Moreover, the weed destruction notice Ms. Lundquist received from the City dated June 23, 1986, provides that fines ranging up to $25 may be assessed against her for violating § 80–17, whereas § 80–17(5) provides for assessment of up to a $100 penalty. Although these matters standing alone and in their current posture do not provide an adequate basis for an award of injunctive relief, *see Los Angeles v. Lyons,* 461 U.S. 95, 103, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983), the City's failure to respond to the allegations of threats or to explain the inconsistency between its weed destruction notice and § 80–17(5) warrants the denial of costs to the City in connection with this application by the plaintiff for injunctive relief.

Therefore, IT IS ORDERED that the plaintiff's motion for a temporary restraining order, treated herein as a request for a preliminary injunction, be and hereby is denied, without costs.