659 A.2d 1385

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ESTRELLA PIEMONTESE, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 9, 1995—Decided June 28, 1995.

Before Judges BRODY, LONG and ARNOLD M. STEIN.

*Estrella Piemontese,* appellant, *pro se.*

*Ronald S. Fava,* Passaic County Prosecutor, attorney for respondent (*Gary H. Schlyen,* Chief Assistant Prosecutor, of counsel and on the letter brief and supplemental letter brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

Estrella Piemontese was found guilty in the municipal court of violating that part of an ordinance for the Borough of Prospect Park which imposed upon property owners a requirement that "[l]awns, hedges and bushes ... shall not be permitted to become overgrown and unsightly." She was again found guilty on her *de novo* appeal by the Law Division. Because we had some reservations about the constitutionality of this ordinance, we requested and received supplemental briefs from both parties. We reverse.

The ordinance provision suffers from the constitutional infirmities of vagueness and overbreadth. *State v. Lashinsky,* 81

*N.J.* 1, 15–17, 404 *A.*2d 1121 (1979). The phrase "overgrown and unsightly" is "[not] sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties and to apprise [the factfinder] of standards of the determination of guilt." *Landry v. Daley*, 280 *F.Supp.* 938, 951 (N.D.Ill.), appeal dismissed by *Landry v. Boyle*, 393 *U.S.* 220, 89 *S.Ct.* 455, 21 *L.Ed.*2d 392 (1968), *rev'd on other grounds sub. nom., Boyle v. Landry*, 401 *U.S.* 77, 91 *S.Ct.* 758, 27 *L.Ed.*2d 696 (1971) (quoted with approval in *State v. Lashinsky, supra*, 81 *N.J.* at 16, 404 *A.*2d 1121). The ordinance is overly broad because it does not permit the enforcement officer acting in good faith to be able to point to objective facts that would lead a reasonable person to realize that his or her conduct was a violation of the ordinance. *Lashinsky supra*, 81 *N.J.* at 17, 404 *A.*2d 1121. A violation of an ordinance should not depend upon which enforcement officer, or for that matter which judge, happens to be the beholder of the property owner's front yard. *See Trice v. City of Pine Bluff*, 279 *Ark.* 125, 649 *S.W.*2d 179, 181–82 (1983) (ordinance which prohibited property owner from "allowing grass to grow too high" held unconstitutionally vague).

The cases relied upon by the State are not on point. *Sobocinski v. City of Williamsport*, 13 *Pa.Cmwlth.* 425, 319 *A.*2d 697 (1974) (ordinance not vague because it contained a measurable standard, prohibiting growth of grass or weeds above six inches in height); *Lundquist v. City of Milwaukee*, 643 *F.Supp.* 774, 777 (E.D.Wis. 1986) (ordinance provided that no weeds of any kind were permitted to grow more than one foot high). *Pope v. City of Houston*, 559 *S.W.*2d 905, 907 (Tex.Ct.App.1977) (ordinance, permitting the city to abate a nuisance caused by "weeds, brush, rubbish or other objectionable, unsightly or unsanitary matter[,]" upheld.) The case did not specifically address whether the ordinance was void for vagueness or overbreadth. Moreover, we disagree with *Pope* to the extent that it is inconsistent with our ruling in this case. *See also McDonald II v. State of Texas*, 693 *S.W.*2d 660, 661–62 (Tex.Ct.App.1985) (upholding ordinance as constitutional which made it unlawful for any property owner "to permit or allow any

... weeds ... [or] ... unsightly or unsanitary matter of whatever nature to accumulate or remain thereon." The ordinance defined a "weed" as "uncultivated vegetation, including but not limited to, grasses of a height in excess of twelve (12) inches[,]" a measurable standard). Unlike the ordinances in *Sobocinski, Lundquist* and *McDonald,* the ordinance in this case does not provide a standard for "overgrown and unsightly."

Reversed and remanded to the Law Division for entry of a judgment of acquittal.