286 N.J. Super. 243 (1996)
668 A.2d 1098
JOAN GUIDI, PLAINTIFF-APPELLANT,
v.
CITY OF ATLANTIC CITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 17, 1995.
Decided January 3, 1996.
*244 Before Judges ARNOLD M. STEIN, KESTIN and CUFF.
Alan M. Lands, attorney for appellant (Mr. Lands on the letter brief).
Daniel A. Corey, City Solicitor, attorney for respondent (Mr. Corey and John M. Eccles, Jr., on the letter brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiff was issued a summons charging that on February 3, 1994 she violated Atlantic City Code 190-1 by: "Feeding of birds resulting in heavy accumulations of bird feces on building roof tops and vehicles on residential street interfering with comfort and general well-being of residents."
She then brought this action against the City challenging the constitutionality of Sections 2.1(a) and 2.1(b) of Ordinance 190-1, which provides:

*245 The following matters, things, conditions or acts and each of them are hereby declared to be a nuisance and injurious to the health of the inhabitants of this municipality:
(a) Any matter, thing, condition or act which is or may become detrimental or a menace to the health of the inhabitants of this municipality.
(b) Any matter, thing, condition or act which is or may become an annoyance, or interfere with the comfort or general well-being of the inhabitants of this municipality.
Both parties cross-moved for summary judgment. In the motion below, and in this appeal, plaintiff has challenged only the constitutionality of Section 2.1(b). We therefore deem her attack upon the constitutionality of Section 2.1(a) to be abandoned.
The motion judge granted summary judgment for the City, holding that the ordinance is not unconstitutionally vague. Plaintiff has since been found not guilty of the charge lodged against her in the municipal court. She continues this appeal because she still feeds the pigeons.
The ordinance is vague and overbroad. It is vague because it does not "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." State v. Cameron, 100 N.J. 586, 591, 498 A.2d 1217 (1985) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227 (1972)).
The language in Section 2.1(b) prohibiting "[a]ny matter, thing, condition or act which is or may become an annoyance, or interfere with the comfort or general well-being of the inhabitants of this municipality" subjects a defendant to an unascertainable standard. Coates v. Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217 (1971). "Vague laws may trap the innocent by not providing fair warning." State v. Cameron, supra, 100 N.J. at 591, 498 A.2d 1217 (quoting Grayned v. City of Rockford, supra, 408 U.S. at 108, 92 S.Ct. at 2299, 33 L.Ed.2d at 227. This ordinance leaves the citizen at the mercy of its enforcers. "A violation of an ordinance should not depend upon which enforcement officer, or for that matter which judge," happens to *246 be considering the actor's conduct. State v. Piemontese, 282 N.J. Super. 307, 309, 659 A.2d 1385 (App.Div. 1995).
The ordinance is overbroad because it does not permit the enforcement officer acting in good faith to be able to point to objective facts that would lead a reasonable person to realize that his or her conduct was a violation of the ordinance. State v. Lashinsky, 81 N.J. 1, 17, 404 A.2d 1121 (1979).
Defendant argues it would be impossible to draft an ordinance addressing all potential types of conduct posing a health hazard. While this is generally true, the United States Supreme Court has held that a municipality must prohibit acts within its police power "through the enactment and enforcement of ordinances directed with reasonable specificity toward the conduct to be prohibited." Coates v. Cincinnati, supra, 402 U.S. at 614, 91 S.Ct. at 1688, 29 L.Ed.2d at 217.
Pigeons are a common enough problem for a municipality to address. Other jurisdictions have enacted ordinances prohibiting the keeping or breeding of pigeons. See, e.g., City of Des Plaines v. Gacs, 65 Ill. App.3d 44, 22 Ill.Dec. 82, 83, 382 N.E.2d 402, 403 (1978); New York v. Benincasa, 63 Misc.2d 648, 313 N.Y.S.2d 211, 212 (N.Y.Cty.Ct. 1970); see also Hayward v. Samuel, 354 Pa. 266, 47 A.2d 251 (1946) (Philadelphia Board of Health found that influx of pigeons constituted public nuisance). The feeding of pigeons and other birds in a seaside community is a common enough problem that this conduct, if undesirable, should be specifically prohibited by ordinance.
Reversed and remanded for an order entering summary judgment in favor of plaintiff.