NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4556-14T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ESTRELLA PIEMONTESE,

 Defendant-Appellant.1

________________________________

 Submitted May 31, 2017 – Decided November 17, 2017

 Before Judges Suter and Grall.

 On appeal from Superior Court of New Jersey,
 Law Division, Passaic County, Municipal Appeal
 No. 5095.

 Estrella Piemontese, appellant pro se.

 Domenick Stampone, Corporation Counsel,
 attorney for respondent (Dawn Blakely-Harper,
 Assistant Corporation Counsel, on the brief).

 The opinion of the court was delivered by

SUTER, J.A.D.

1
 Defendant's papers reverse the caption. On appeal, the matter
remains State of New Jersey v. Piemontese even though she is the
appellant.
 Defendant Estrella Piemontese appeals the April 28, 2015

judgment of conviction entered by the Law Division following a

trial de novo on her appeal of a municipal court conviction for

violating section A of City of Paterson Municipal Ordinance 271-

26. The Law Division found defendant guilty of violating sections

A and C of the ordinance. We reverse because the evidence does

not support either conviction.

 Defendant owns a vacant three family residence in the City

of Paterson (City). On October 29, 2013, a housing inspector for

the City inspected and photographed the property. He issued

defendant a notice of violation under Ordinance 271-26A with the

description "[c]lean or remove rubbish or garbage." Under actions

required, the notice provided: "26A. MUST CUT HIGH WEEDS AND GRASS

FROM RODENCE [SIC] AT ENTIRE PROPERTY IMMEDIATELY." Defendant was

given to November 15, 2013, to remedy the violation. The inspector

returned to the property on November 15, 2013, but the condition

remained the same. He took additional photographs.

 Defendant wrote to the City asking for two to three months

to address the property. She alleged the property had been

vandalized and that her insurance company was investigating the

vandalism.

 On February 4, 2014, a City of Paterson Municipal Court

complaint-warrant was issued against defendant, which alleged that

 2 A-4556-14T3
on November 15, 2013, defendant "unlawfully commit[ed] the Code

Violation of Housing Property Maintain[ence] Code . . . Chapter

271" by failing to "1. Clean or remove rubbish or garbage from,

entire proper[t]y has to be completed 11/15/13 or complain[t] will

result in court last and final notice. 271-26A."

 City of Paterson Ordinance §271-26 addresses a myriad of

exterior property issues.

 §271-26 Exterior property areas

 No person shall occupy as owner-occupant or
 let to another for occupancy any structure or
 premises which does not comply with the
 following requirements. The Building Official
 of the municipality shall cause periodic
 inspections to be made of all premises to
 secure compliance with these requirements.

 A. Sanitation. All exterior property areas
 shall be maintained in a clean and sanitary
 condition free from any accumulations of
 rubbish or garbage.

 B. Grading and drainage. All premises shall
 be graded and maintained so as to prevent the
 accumulation of stagnant water thereon or
 within any building or structure located
 thereon.

 C. Noxious weeds. All exterior property
 areas shall be kept free from species of weeds
 or plant growth which are noxious or
 detrimental to the public health.

 D. Insect and rodent harborage. Every owner
 of a structure or property shall be
 responsible for the extermination of insects,
 rodents, vermin or other pests in all exterior
 areas of the premises, except that the

 3 A-4556-14T3
 occupant shall be responsible for such
 extermination in the exterior areas of the
 premises of a single-family dwelling.
 Whenever infestation exists in the shared or
 public parts of the premises of other than a
 single-family dwelling, extermination shall
 be the responsibility of the owner.

 E. Accessory structures. All accessory
 structures, including detached garages, shall
 be maintained structurally sound and in good
 repair.

 F. Motor vehicles. No motor vehicle in a
 residential district shall at any time be in
 a state of any major disassembly, disrepair
 or shall it be in the process of being stripped
 or dismantled. At no time shall any vehicle
 of any type undergo major overhaul, including
 body work, in a residential district.

 G. Fences. All fences shall be of approved
 materials and kept in sound condition and
 repair.

 The case was heard in municipal court on March 21, 2014. The

inspector testified about his inspection and the photographs. He

presented no evidence of rubbish or garbage and no evidence as to

the species of the weeds. On that evidence, the municipal court

judge found that there was an "overgrowth of vegetation of sorts"

with weeds four to five feet high. He concluded it took a while

for the weeds to grow because they were "very, very high."

Defendant was found guilty of violating section A of Ordinance

 4 A-4556-14T3
271-26. She was ordered to pay a $500 fine and costs. Defendant

appealed the conviction to the Superior Court.

 The Superior Court judge found that defendant violated

sections A and C of the Ordinance that address the exterior

property areas. That judge determined the photographs showed

weeds four to five feet high. The notice told defendant to cut

the weeds and grass. Relying on Pope v. Houston, 559 S.W.2d 905

(Tex. Civ. App. 1977), the court found it was common knowledge

that "a vacant lot that is allowed to accumulate weeds, brush

and/or rubbish may well constitute a health hazard . . . ." It

found that the "accumulation of these weeds and other plant growth"

created "a health hazard" because "they could create a fire hazard

when dried out, harbor insects and rodents which might be rabid."

The court found defendant violated both sections A and C of the

Ordinance: as to section A, titled "Sanitation," "[t]he overgrowth

of weeds violate[ed] this section"; as to section C, titled

"Noxious weeds," "[t]he growth of weeds on defendants [sic]

property are detrimental to public health."

 On appeal, defendant contends that she did not receive the

mailed copies of the notices of violation and complains about the

procedures at the de novo hearing, where she wanted to testify.

She alleges that the Ordinance did not apply to her. In addition,

she alleges that the Ordinance was vague and overbroad.

 5 A-4556-14T3
 We agree that defendant's conviction should be reversed, but

on grounds other than cited by defendant. The evidence does not

permit us to conclude that findings of violations of sections A

and C "could reasonably have been reached on sufficient credible

evidence present in the record." State v. L.S., 444 N.J. Super.

241, 247-48 (App. Div. 2016) (quoting State v. Kuropchak, 221 N.J.

368, 382-83 (2015)). Additionally, with respect to section C, the

judge applied a mistaken interpretation of the ordinance. "The

aim of courts in construing ordinances, like statutes, is to

determine legislative intent," and the first step is to consider

the "plain meaning." City Council v. Brown, 249 N.J. Super. 185,

191 (App. Div. 1991). Interpretation of legislation is subject

to de novo review. In re Liquidation of Integrity Ins. Co., 193

N.J. 86, 94 (2007).

 The trial court's finding that defendant violated section A

was not supported by the record. Our review showed no testimony

about rubbish or garbage. The trial court relied on Pope, supra,

a case that we cited in an earlier appeal involving the same

defendant. See State v. Piemontese, 282 N.J. Super. 307, 309

(App. Div. 1995). There, however, we expressly "disagree[d] with

Pope to the extent that it is inconsistent with our ruling in

[that] case." Id. at 309. We did not adopt as common knowledge

any parts of that decision. In the absence of evidence about

 6 A-4556-14T3
rubbish or garbage at the property, the trial court erred in

finding a violation of section A.

 Section C required the City to prove that defendant failed

to keep the exterior of her property "free from species of weeds

or plant growth which are noxious or detrimental to the public

health." (emphasis added). The plain focus of this section is

on a harmful characteristic of the "species," that is, the type

of weed or plant, not the height of the vegetation. The first

meaning of "noxious" provided in the Webster's II New College

Dictionary (1995) is "injurious to physical health."

 The court's interpretation stretched the terms of the

ordinance's mandate on weeds by finding a violation based on an

"accumulation" of weeds and other plant growth that could create

a risk of health threatening fire or an influx of insects and

disease carrying rodents. In our view, that was an improper

extension of the plain language of section C. The ordinance was

adopted after this court's decision in Piemontese invalidating a

prior ordinance for vagueness. Courts generally construe statutes

and ordinances to avoid constitutional defect, Gilman v. Newark,

73 N.J. Super. 562, 598-99 (Law Div. 1962), not to enhance the

risk of unconstitutional application. Moreover, even if section

C could be read as broadly as the trial court read it, the record

did not include any evidence supporting a finding that this

 7 A-4556-14T3
vegetation posed a fire hazard or had become the home of insects

and rodents.

 Given our holding, we have no occasion to reach any other

issues raised by defendant about service of process, the conduct

of the de novo hearing, whether the Ordinance applied to her as a

non-resident owner, or whether sections A and C are vague or

overbroad. There was no proof of rubbish or garbage at this

property, and the judge mistakenly applied section C of the

Ordinance. Defendant's conviction under sections A and C,

therefore, must be reversed and the fine vacated.

 Reversed; the fine is vacated.

 8 A-4556-14T3