Duane McDONALD II, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–84–01015 to 05–84–01020.

Court of Appeals of Texas,
Dallas.

May 16, 1985.

Duane McDonald, pro se.

H. Ownby and Roger V. Dickey, McKinney, for appellee.

Before CARVER, GUILLOT and DEVANY, JJ.

CARVER, Justice.

Duane McDonald II appeals his convictions for violation of an ordinance of the City of McKinney, Texas. Appellant was fined $101.00 for each violation of the city

ordinance. Appellant contends the ordinance is unconstitutional because it is vague and overbroad. We disagree. Consequently, we affirm.

The record reveals that appellant was found guilty of six separate violations of ordinance no. 1350 of the City of McKinney, Texas, which violations occurred from March 15, 1984, through May 30, 1984. The ordinance provides that:

> 4.1 It shall be unlawful for any person owning, claiming, occupying or having supervision or control of any real property, occupied or unoccupied, within the corporate limits of the City, to permit or allow any stagnant or unwholesome water, sinks, filth, carrion, weeds, rubbish, brush and refuse, impure or unwholesome matter of any kind, objectionable, unsightly or unsanitary matter of whatever nature to accumulate or remain thereon.

McKinney, Tex., Code Ordinances ch. 20, art. V, no. 1350, § 4.1 (1983).

Appellant is the owner of a mobile home sales lot in McKinney, Texas, and pursuant to ordinance no. 1350[1] appellant was notified by letters, beginning in February, 1984, of the alleged violations of the ordinance. The letters were followed by a visit from a code enforcement officer, Benny Reed, after which appellant agreed to clean up his property. Appellant moved two old cars off his property but some sixteen to eighteen vehicles remained. The record shows that several vehicles were on appellant's property and that many of the vehicles were in a dilapidated, abandoned condition. Many of the vehicles had trash and other debris in them. Also, portions of appellant's lot were covered with high weeds, brush and trash.

Before reaching appellant's contentions, we note that the record discloses no challenge in the trial court, and no ruling by the trial court, as to the constitutionality of the ordinance. As a consequence, nothing is presented for review. *Al-Omari v. State,* 673 S.W.2d 892, 895 (Tex.App.—Beaumont 1983, pet. ref'd).

## VAGUENESS

Appellant contends the ordinance is impermissibly vague. We disagree. An enactment which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App.1985). A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the enactment. *Id.* A vagueness challenge will be upheld only if the enactment is impermissibly vague in all of its applications. *Clark v. State,* 665 S.W.2d 476, 482 (Tex.Crim.App.1984). A person who engages in conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); *Clark,* 665 S.W.2d at 482.

Turning to appellant's vagueness challenge, we need only scrutinize the ordinance to determine whether it is impermissibly vague as applied to appellant's conduct. *Clark,* 665 S.W.2d at 483. Appellant's position that the ordinance provides no definitions and guidelines for enforcement officials is without merit. The ordi-

---

**1.** *Section 7:* In the event that any person owning, claiming, occupying or having supervision or control of any real property, occupied or unoccupied, within the corporate limits of the City fails to comply with the provisions of this article, it shall be the duty of the building official or inspector to give ten (10) days' notice in writing to such person, or by letter addressed to such person at his post office address, or by publication two (2) times within ten (10) consecutive days in the City's official newspaper. If such person fails or refuses to comply with the terms of this article within ten (10) days after date of such notification, the City may go upon such property and do or cause to be done the work necessary to obtain such compliance. McKinney, Tex., Code Ordinances ch. 20, art. V, no. 1350, § 7 (1983).

nance defines [2] nearly every word that appellant says has no definition. Further, as previously noted, the ordinance provides procedures for notice to those allegedly in violation of the ordinance. McKinney, Tex., Code Ordinances ch. 20, art. V, no. 1350, § 7 (1983).

In addition, ordinances similar to the one in question have been held constitutional. *See Pope v. City of Houston*, 559 S.W.2d 905, 907 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.) (ordinance detailing city procedure concerning nuisance caused by "weeds, brush, rubbish or other objectionable, unsightly or unsanitary matter" held constitutional); *City of Collinsville v. Seiber*, 82 Ill.App.3d 719, 38 Ill.Dec. 75, 79, 403 N.E.2d 90, 94 (1980) (ordinance declaring nuisance to "permit or maintain an unsightly yard or premises where there is an accumulation or deposit of any vehicle, ... junk, ... waste or earth" held constitutional); *Thain v. City of Palo Alto*, 207 Cal. App.2d 173, 24 Cal.Rptr. 515, 523 (1962) (weed abatement ordinance with concise definition of "weeds" held constitutional).

We hold that the record shows that the ordinance is not unconstitutionally vague as applied to appellant. Appellant's allowing dilapidated vehicles with trash in them to remain on his lot, and allowing the lot to be overrun with high weeds, brush and trash falls within conduct clearly proscribed by the ordinance. Further, any possible vagueness of the ordinance was remedied by the oral and written notice given appellant concerning the violations.

*See Traylor v. City of Amarillo*, 492 F.2d 1156, 1160 (5th Cir.1974).

### Overbreadth

Appellant also contends the ordinance is overbroad. We disagree. An enactment is impermissibly overbroad if, in addition to proscribing activities which may constitutionally be forbidden, it sweeps within its coverage speech or conduct which is protected by the First Amendment. *Clark*, 665 S.W.2d at 482. In Texas courts, an overbreadth challenge to an enactment is predicated on how the enactment was applied to the accused. *Gholson v. State*, 667 S.W.2d 168, 173 (Tex.App.— Houston [14th Dist.] 1983, pet. ref'd). The record reveals that the ordinance was not applied to appellant so as to penalize any speech or conduct protected by the First Amendment. Therefore, the ordinance was not overbroad as applied to appellant. Appellant's ground of error is overruled.

Affirmed.

---

2. *Section 3:* Definitions:

For the purposes of this article, the terms used herein shall be interpreted as follows:
a) Filth shall mean any matter in a putrescent state.
b) Carrion shall mean the dead and putrefying flesh of any animal, fowl or fish.
c) Weeds shall mean uncultivated vegetation, including but not limited to, grasses of a height in excess of twelve (12) inches.
d) Rubbish shall mean trash, debris, rubble, stone, useless fragments of building materials, and other miscellaneous, useless waste or rejected matter.
e) Brush shall mean scrub vegetation or dense undergrowth.

f) Refuse shall mean a heterogenous accumulation of worn out, used up, broken, rejected or worthless materials.
g) Impure or unwholesome matter shall mean any putrescible or nonputrescible condition, object or matter which tends, may or could produce injury, death or disease to human beings.
h) Objectionable, unsightly or unsanitary matter shall mean any matter, condition, or object which is or should be objectionable, unsightly, or unsanitary to a person of ordinary sensitivities.
i) Any word not herein defined shall be construed in the context used and by ordinary interpretation—not as a word of art.
McKinney, Tex., Code Ordinances ch. 20, art. V, no. 1350, § 3 (1983)