**Sanco NASH, Jr. and Wife, Dorothy Nash, Appellants,**

v.

**CITY OF LUBBOCK and Housing Standards Commission of the City of Lubbock, Appellees.**

**No. 07–94–0045–CV.**

*Court of Appeals of Texas, Amarillo.*

Nov. 21, 1994.

---

558

Gordon Treadway, Lane Arthur, Lubbock, for appellants.

Crenshaw, Dupree & Milam, L.L.P., Cecil Kuhne and Jack McCutchin, Jr., Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Aggrieved by a take-nothing summary judgment rendered in their action to recover damages from the City of Lubbock and the Housing Standards Commission of the City of Lubbock (collectively the HSC) for the demolition of their buildings, Sanco Nash, Jr. and his wife, Dorothy Nash (the Nashes), contend with a general point of error that the trial court erred in granting the HSC's motion for summary judgment and in denying their motion for summary judgment. Based upon the rationale expressed, we will affirm.

The record reveals that at an HSC hearing on 14 January 1986, attended by the Nashes and their attorney, two structures, situated on the Nashes' property on Broadway Street in Lubbock, were deemed substandard in violation of several provisions of the Lubbock Housing Code. Announcing the structures on the property were to be secured within thirty days of the hearing, the HSC continued the Nashes' case until 8 April 1986. At the April hearing attended by the Nashes, the HSC found the Nashes' property still in disarray and mandated one of the structures on the property to be kept secure and the other structure to be removed or demolished within sixty days. Later, counsel for the Nashes secured a postponement of further action until an 8 July 1986 hearing.

On 8 July 1986, with previous notice to the Nashes and their attorney, the HSC conducted another hearing, in the absence of the nonappearing Nashes and their attorney, at which the condition of the Nashes' Broadway property was again discussed. Upon hearing evidence regarding the continued substandard condition of the Nashes' property, the HSC directed the rear structure to be demolished within ten days and the front structure to be repaired, removed, or demolished within thirty days. An order to that effect was entered on 11 July 1986.

The HSC order contained a finding that the conditions existing on the Nashes' property on the date of the hearing were in violation of several of the provisions of the Lubbock Housing Code. The order further provided that, in the event the Nashes did not comply with the order by the stated date, the Lubbock Zoning Administrator was au-

thorized to demolish the structures and clean up the property.

Notice of the entry of the 11 July 1986 order was given to the Nashes. They neither complied with the terms of the order, nor took an appeal from it to a court of competent jurisdiction within the ten day period allowed for an appeal by the Housing Code, and the order became final after the expiration of ten days from its date. Lubbock, Tex., Housing Code § 1203.

In September of 1986 and pursuant to the order, the Lubbock Zoning Administrator demolished the structures and cleaned up the Nashes' property. On 18 September 1986, the Nashes filed a claim against the City of Lubbock, through the City Manager's office, for the destruction of their property. Failing to obtain the relief they sought through that administrative channel, the Nashes filed the action underlying this appeal in the 237th Judicial District Court almost two years later, on 29 August 1988.

The Nashes and the HSC filed motions for summary judgment. The trial court denied the Nashes' motion, granted the HSC's motion, and rendered judgment that the Nashes take nothing by their action.

Enlarging their general point of error with five subpoints, the Nashes present specific contentions why the trial court erred in its rulings on the respective motions for summary judgment. The contentions are that (1) section 1203 of the Lubbock Housing Code, which limits the time for appeal to a court of competent jurisdiction to ten days from the entry of an HSC order, is void as violative of the enabling act and the open courts provision of the Texas Constitution; (2) the July 1986 order is void since the HSC did not follow the mandatory requirements of the Lubbock Housing Code; (3) the order is void because the Lubbock Housing Code does not comply with the provision of the enabling act under which the ordinance was adopted; (4) the HSC order is void because it is ambiguous, vague, and uncertain; and (5) they have been deprived of their property

in violation of the due process clauses of the Texas and United States Constitutions.

Absent an issue regarding the summary judgment proceedings, the first question in this appeal is whether the HSC established that no material issue of fact existed as to the Nashes' cause of action and that the HSC was entitled to judgment as a matter of law, *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983), on the issues expressly presented to the trial court. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). If the answer is no, as the Nashes contend, it is because the issues the HSC presented to the trial court are insufficient as a matter of law to support the judgment, or the Nashes expressly presented to the court reasons to avoid the HSC's entitlement to summary judgment. *Id.*

In moving for summary judgment, the HSC supported its motion with exhibits and affidavits purporting to establish the validity of the 11 July 1986 order and the failure of the Nashes to appeal from the order. With their first subpoint of error, the Nashes contend section 1203 of the Lubbock Housing Code, which applies to HSC orders, is invalid because it limits their access to the courts in violation of the enabling act[1] and Article I, Section 13, of the Texas Constitution. The section provides that:

> Any person affected by any order may seek within ten days to appeal said order to any court of competent jurisdiction for relief and upon failure to do so within such period of time such findings shall be final.

The Nashes concede they did not challenge the HSC order as persons "affected" by the order. In fact, the record reveals no attempt on the Nashes' part to avail themselves of the Housing Code appeal process. Rather, in their original petition, motion for summary judgment, and appeal to this Court, the Nashes challenged the constitutionality of section 1203 because of the restrictions it placed on the length of time allowed for an appeal from the entry of an adverse HSC order. On appeal, the Nashes allege there is

---

**1.** The enabling act authorizes home-rule cities, like Lubbock, to engage in certain activities for the welfare of their citizens. The act in effect at the time the HSC order was entered against the

Nashes was later modified and may now be found at Tex.Loc.Gov't Code Ann. §§ 214.001–214.003 (Vernon Supp.1994).

no statutory or constitutional basis for the time limitation.

■ As we perceive it, the Nashes' multifaceted argument is, in brief, that the enabling act under which the Lubbock Housing Code was enacted does not authorize the City to enact an ordinance providing for an appeal from an HSC order, and any such ordinance violates Article I, Section 13, of the Texas Constitution, the open courts doctrine. This obtains, they contend, because the enabling act's silence on the issue of an appeal, for which the legislature has provided within time limits in other administrative actions, indicates the legislature's desire not to place any restrictions on the appeal process beyond those found at common law.

Nevertheless, acknowledging the need for finality in judgments, the Nashes concede the legislature must have intended for there to be some limit on the amount of time allowed for an appeal from an adverse housing code order. They insist, however, that the enabling act as it existed when the HSC order was entered against them was flawed because it made no provision for judicial review of those orders. Recognizing the flaw, the legislature subsequently enacted a provision that fixed a thirty day time period within which a party aggrieved by a housing code order could appeal, thereby indicating the legislature's conclusion that the old statute failed to provide adequate procedural safeguards. Tex.Loc.Gov't Code Ann. § 214.0012 (Vernon Supp.1994). That being the case, the Nashes infer if a time limit is to be imposed, it should be the thirty day limitation included under the current version of the enabling act. Tex.Loc.Gov't Code Ann. §§ 214.001–214.003 (Vernon Supp.1994).

However, because the current version of the enabling act is not to be applied retroactively, see Durish v. Channelview Bank, 809 S.W.2d 273, 278 (Tex.App.—Austin 1991, writ denied), we are not constrained to apply its time limitation in this action. Instead, we reason that the provision for an appeal within ten days after the HSC order was entered was in compliance with the enabling act in effect in July of 1986.

2. That version of the enabling act was later repealed and the current version may now be

■ That act, which enabled a home-rule city to adopt an ordinance concerning substandard buildings, provided, as material here, that:

> The ordinance must provide for proper notice to the owner and a public hearing. After the hearing, if the building is found to be substandard, the city may direct that the building be repaired or removed within a reasonable time. After the expiration of the allotted time the city has the power to remove the building at the expense of the city and assess the expenses on the land on which the building stood or to which it was attached and may provide for that assessment, the mode or manner of giving notice, and the means of recovering the removal expenses.

Tex.Rev.Civ.Stat.Ann. art. 1175, subd. 36 (Vernon 1979).[2] The procedures outlined in the statute for removing substandard structures require a municipal housing authority to provide notice, a proper hearing, and an impartial trier of fact. Procedural due process for administrative proceedings requires no more. See Texas State Bd. of Dental Exam. v. Silagi, 766 S.W.2d 280, 284 (Tex. App.—El Paso 1989, writ denied). Yet, by ordinance, the City authorized more by providing for an appeal.

■ Still, the Nashes argue that because the act is silent as to an appeal process, the City of Lubbock had no authority to provide for an appeal, much less place restrictions on the length of time allowed for an appeal. When determining whether a municipality has the authority to enact certain ordinances, a home-rule city, such as Lubbock, is not required to look to the legislature for a grant of power to act, but must only ascertain if the legislature has placed any limitations on the city's constitutional power. Burch v. San Antonio, 518 S.W.2d 540, 543 (Tex.1975). Moreover, an intention by the legislature to impose limitations on the power of home-rule cities must appear with unmistakable clarity. Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 645 (Tex.1975).

found at Tex.Loc.Gov't Code Ann. § 214.001 (Vernon Supp.1994).

Thus, we deem that the legislature's silence with regard to an appeal process is in recognition of the general principle that even without express statutory authorization, the orders entered by an administrative body pursuant to legislative sanction are subject to judicial review. *Fire Department of City v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664, 666 (1949). Hence, the City cannot be faulted for honoring the principle and providing for an appeal from the HSC's orders within a time it considered reasonable.

■ Then, with respect to the Nashes' argument that section 1203 works as an unconstitutional denial of their right of access to the courts, we begin with the premise that the City intended to enact a valid ordinance, *City of Fort Worth v. Gulf Refining Co.,* 125 Tex. 512, 83 S.W.2d 610, 617 (1935), and the ordinance is presumed valid until the contrary is shown. *Adcock v. King,* 520 S.W.2d 418, 422 (Tex.Civ.App.—Texarkana 1975, no writ). To show the ordinance is an unconstitutional denial of their right of access to the courts, the Nashes had the burden to show they have a cognizable common law cause of action that is being restricted, and the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the ordinance. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). Significantly, however, other than their attack on the ordinance for providing a right of appeal, the Nashes do not suggest, much less contend, that they attempted to appeal from the HSC order, or that the time allowed for the appeal restricted or in any way infringed on their ability to take an appeal.

Therefore, the Nashes have not shown that section 1203 of the Lubbock Housing Code is inconsistent with either the enabling act under which it was promulgated or the open courts provision of the Texas Constitution. Their first subpoint of error is overruled.

■ As previously mentioned, the Nashes contend, with their second, third, and fourth subpoints, that the HSC's 11 July 1986 order is void because (2) the mandatory requirements of the Lubbock Housing Code were not followed, (3) the Code did not comply with the provisions of the enabling act under which the ordinance was adopted, and (4) the order is ambiguous, vague, and uncertain. Obviously, the contentions presented in this action are the Nashes' attempt to collaterally attack the order entered in another proceeding, which they cannot do, *Carr v. Bell Sav. and Loan Ass'n,* 786 S.W.2d 761, 764 (Tex. App.—Texarkana 1990, writ denied), unless the HSC lacked jurisdiction over the subject matter of its order. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985); *Mercer v. Phillips Natural Gas Co.,* 746 S.W.2d 933, 936 (Tex.App.—Austin 1988, writ denied).

In light of the enabling act, the Nashes never have contended that the HSC did not have subject matter jurisdiction; indeed, upon submission on oral argument, counsel for the Nashes readily conceded the HSC's proper subject matter jurisdiction. Because the Nashes did not avail themselves of the opportunity to appeal from the order, they may not in this action collaterally attack the validity of the order. *Middleton v. Murff,* 689 S.W.2d at 213. Their second, third, and fourth subpoints of error are overruled.

■ Our dispositions of the Nashes' first four subpoints establish a sufficient basis for overruling their fifth-subpoint contention that they were deprived of their property in violation of the due process clauses of the Texas and United States Constitutions. Reiterated, the basics of due process were complied with when the Nashes were given notices of all hearings, afforded the opportunity to be present and heard, and the order was issued by an impartial commission. *Texas State Bd. of Dental Exam. v. Silagi,* 766 S.W.2d at 284. Additionally, the Nashes were expressly given the right of appeal, a right they made no attempt to exercise.

■ The ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law. *State v. Crank,* 666 S.W.2d 91, 94 (Tex.), *cert. denied, sub nom. Crank v. Texas State Board of Dental Examiners,* 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). The Nashes do not contend there was an absence of the rudiments of fair play in the administrative hearings concerning their property rights and leading to the HSC's order. Consequently, we conclude

that the Nashes were not deprived of their property in violation of either article I, section 19, of the Texas Constitution or the 14th Amendment of the United States Constitution. Their fifth subpoint of error is overruled.

Accordingly, the judgment is affirmed.