Affirmed and Memorandum Opinion filed August 8, 2006








Affirmed and Memorandum Opinion filed August 8, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00366-CV

____________

 

SUSAN C. LEE, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 03-63480

 



 

M E M O R A N D U M   O P I N I O N

Appellant Susan C. Lee (Aappellant@) appeals from a
judgment affirming an administrative order requiring her to make certain
repairs to her property.  She presents two issues for review: (1) whether
the order denies her substantive and procedural due process rights; and (2)
whether a reasonable basis exists for the order.  We find no basis for
overturning the order and accordingly affirm.

 

 








I.  Factual Background

Appellant owns a residential property located in the Tall
Timbers Section of River Oaks in Houston, Texas (the Aproperty@).  The property
was first inspected by the City of Houston=s Neighborhood
Protection Division in July 2003, after the police responded to a call about a
disturbance on the property.  The inspector found the house vacant and
unsecured, containing rubbish and garbage, and having several structural
problems.  The City inspected the house on a second occasion with appellant=s counsel present.

On September 10, 2003, the City sent a Hearing Notice to
appellant.  The Notice informed appellant of a public hearing on the condition
of the property at which Athe City of Houston will present evidence
regarding the condition of the structure(s) and/or property.@  The Notice
expressly detailed a property owner=s statutory
responsibilities by directly quoting the relevant provisions of the Houston
Code of Ordinances (ACode@), and indicating
the Code provisions that the City believed appellant had violated.  The Notice
detailed ten different Code violations, from maintaining the building Afree from rubbish
and garbage,@ to more serious AMajor Building
Deficiencies@ such as roof and ceiling problems and accessibility
to vagrants.

          The
Notice also advised Appellant of the nature of the hearing, providing that 

After all evidence and testimony has been presented, the hearing
official has the full authority to issue orders for the abatement of violations
of Sections 10-341 through 10-344, substandard buildings, or Section 10-361,
dangerous buildings, and Section 10-411; or other sections of Chapter 10,
Article IX of the Houston Code of Ordinances, the Comprehensive Urban
Rehabilitation and Building Minimum Standards Code.

 








The hearing was held on October 21, 2003.  At the hearing,
the City=s inspector
detailed the specific building deficiencies on the property.  He supported his
testimony by introducing pictures of the property that he had taken during his
inspections, which showed  matters such as the unsecured entry and collapsing
ceiling.  Counsel for appellant cross-examined the inspector about the extent
of the property inspection, but appellant did not dispute the City=s evidence or put
on any evidence regarding the property=s condition. 

At the conclusion of the evidence, the hearing official
issued an Order finding that the structure on the property violated several Code
provisions and was a Adangerous building@ under section
10-361 of the Code, which constituted a hazard to the health, safety or welfare
of citizens.  The Order required appellant to secure the building to City
specifications within 10 days; to obtain permits for the repair or demolition
of the building within 30 days; and to conduct the repair or demolition within
60 days.  The Order also provided that

The owner must immediately ensure
that the building or structure will not be entered or utilized by vagrants,
children, or other unauthorized persons until such time that the building or
structure is repaired and occupied or demolished and a Certificate of
Compliance issued showing compliance with all applicable Laws, Ordinances, and
Codes of the City of Houston.

(emphasis
added).  

At the hearing, the hearing official expressly advised
appellant that, because of the City=s permitting
process, it was possible that the repairs would not be limited to the
conditions that resulted in the building being categorized as a Adangerous building@ in the first
case.  The official stated:

When you go down to get your permit, if you-all
choose that repair option, once an order is issued on this property and it=s declared to be a dangerous
building or it was a building that had been vacated or abandoned, the building
permits and the law requires that a certificate of compliance be issued before
that building can be deemed to be in compliance.








And when you go to
get your permit to repair this building, if that=s what you choose
to do, the inspectors that do that permitting process are going to make sure
that that building is brought into compliance with all the laws and ordinances
of the City of Houston, including any of the building codes, electric codes,
HVAC codes, or anything like that before that certificate of compliance is
issued, which may mean that even though today the only thing that was brought
to your attention was a B B some roof
problems, other problems, if they see those items, they=re not going to
issue a certificate of compliance for something that=s not in
compliance, which means that will end up having to get repaired also.

When
asked, Appellant=s counsel indicated that he did not have
any questions about this practice, and did not otherwise object to the practice
before the hearing official.

Appellant filed a Petition for Judicial Review of the Order
in the trial court.  Appellant thereafter requested and received an extension
of an additional 60 days for compliance with the City=s Order.  The case
was presented to the court, and the court affirmed the Order.  

II.  Analysis

Appellant=s complaints on appeal focus on the City=s requirement of a
certificate of compliance showing that the property is in compliance with all
laws and ordinances.  Appellant argues that the City=s practice of
requiring a certificate of compliance will have the effect of requiring
appellant to make repairs for which appellant was never given notice or a
hearing.  Appellant argues that this practice (1) violates rights of
substantive and procedural due process; and (2) creates an order that lacks a
reasonable basis in the record.  We disagree and accordingly overrule appellant=s two issues.

A.      Standard
of Review








Judicial review of the City=s Order occurs
under the substantial evidence rule.  See Tex. Loc. Gov=t Code ' 214.0012(f).  A court applying the substantial
evidence rule may not substitute its judgment for that of the agency.  Mireles
v. Tex. Dep=t of Pub. Safety, 9 S.W.3d 128,
131 (Tex. 1999) (per curiam).  The issue for the reviewing court is not whether
the agency=s decision was correct, but only whether the record
demonstrates some reasonable basis for the agency=s action.  Id. 
Courts must affirm administrative findings in contested cases if there is more
than a scintilla of evidence to support them.  Id.  In fact, an
administrative decision may be sustained even if the evidence preponderates
against it.  Id.  Whether substantial evidence supports the City=s Order is a
question of law.  Accordingly, we review the trial court=s determination
that substantial evidence exists de novo.  See Tex. Dep=t of Pub. Safety
v. Jackson, 76 S.W.3d 103, 106 (Tex. App.CHouston [14th
Dist.] 2002, no pet.). 

Claims regarding deprivation of constitutional rights by
agency proceedings also present questions of law subject to de novo review.  Granek
v. Tex. State Bd. of Med. Exam=rs, 172 S.W.3d 761,
771B72 (Tex. App.C Austin 2005, no
pet.);  see also Tex. Health Facilities Comm=n v. Charter
Med.-Dallas, Inc., 665 S.W.2d 446, 454 (Tex. 1984) (Awhen a denial of
due process has resulted in the prejudice of substantial rights of a litigant,@ agency=s action is
arbitrary and capricious even if supported by substantial evidence).

B.      The City=s Order does not
violate appellant=s rights of substantive and
procedural due process.

1.       Preservation
of Error

In her first issue, appellant argues that the Order
violates her constitutional rights of substantive and procedural due process. 
Appellant has not preserved error as to these arguments because she failed to
present them to the trial court.  Appellant did not plead or argue that the
Order violated either the Texas or U.S. Constitution.  She failed to cite
either the Texas or U.S. Constitution, or to cite any authority for the
proposition that her constitutional rights had been violated.  Appellant
instead focused her briefing efforts on the argument that the hearing official=s order was too
broad because it lacked a basis in the evidence.  








Texas Rule of Appellate Procedure 33.1 requires that a
party present the complaint to the trial court in a manner that states Athe grounds for
the ruling . . . with sufficient specificity to make the trial court aware of
the complaint, unless the specific grounds [are] apparent from the context.@  Tex. R. App. P. 33.1(a)(1).  Courts,
including this one, have held that a party must present due process arguments
to the trial court in order to pursue them on appeal.  See, e.g.,
In re L.M.I. and J.A.I., 119 S.W.3d 707, 710B11 (Tex. 2003); 
Ratsavong v. Menevilay, 176 S.W.3d 661, 671 (Tex. App.CEl Paso 2005, pet.
denied) (due process arguments waived when they were not brought to the trial
court=s attention); Santos
v. Comm=n for Lawyer Discipline, 140 S.W.3d 397,
404B05 (Tex. App.CHouston [14th
Dist.] 2004, no pet.);  McDonald II v. State, 693 S.W.2d 660, 661 (Tex.
App.CDallas 1985, no
writ).

Here, appellant did not present any arguments to the trial
court that made the court aware that appellant was raising a due process
challenge.  Appellant made only one passing mention of due process, apparently
to buttress her argument that the order was not supported by the evidence.  In
one sentence of her Response to Defendant=s Motion for
Judgment, without citing any authority, appellant states that A[t]o order Ms. Lee
to repair conditions not identified by the City of Houston by bootstrapping
them with the meager few identified denies Ms. Lee=s fundamental and
constitutional right of due process.@  This solitary
and passing mention of due processCwithout any
specific citation to case lawCwas insufficient to alert the trial court
or the opposing party that appellant was asserting a constitutional complaint.

A passing reference to a constitutional right, made without
any authority or development, does not raise a constitutional claim under Rule
33.1.  In In re L.M.I., the Texas Supreme Court rejected a due process
challenge mentioned only in passing.  The court stated: 

[W]e conclude that [petitioner]
failed to preserve this issue in the trial court. His answer and
counterpetition . . . cite no constitutional authority, and he did not raise
the issue in any post-judgment motion. In fact, the only reference to the
constitution in the entire record appears when [petitioner=s] attorney, in
arguing for a continuance, explained that she had only recently been hired after
petitioner=s coworkers told him that the termination was Aprobably not
constitutional and not right.@ 








Id. at 710.  Applying
Rule 33.1, the court held that Ait was not apparent from the context that
[petitioner] was attempting to raise a due process challenge.@  Id. at
711; see also Webb v. Webb, 451 U.S. 493, 496B97 (1981) (holding
that constitutional error was waived, even though petitioner repeatedly used
the phrase Afull faith and credit,@ because
petitioner did not cite to the U.S. Constitution or to any cases relying on the
Full Faith and Credit Clause of the U.S. Constitution); Gleason v. Isbell,
No. 14-03-00166-CV, 2004 WL 1205784, at *3 (Tex. App.  Houston [14th Dist.]
June 3, 2004, pet. denied) (mem. op.) (holding that the mere mention that Athis provision
does not pass constitutional muster@ without citing
authority or including further argument waives the issue on appeal.).

Appellant=s single passing reference to due process
failed to alert the trial court to the presence and exact nature of a
constitutional claim.  Accordingly, error was not preserved under Rule 33.1.

2.       Due
Process

Appellant=s due process rights were not violated in
any event.  Appellant complains that her due process rights were violated
because the City failed to provide her with notice and a hearing on every
repair she may eventually have to make in order to obtain a certificate of
compliance.  She maintains that this practice violates the notice and hearing
provisions of the Houston Code of Ordinances, ' 10-347 and ' 10-364, and
deprives her of due process.[1] 
We disagree.








The City adhered to procedural safeguards in this case. 
Appellant received a formal Hearing Notice from the City.  The Notice apprised
her of ten particular Code violations that were discovered by City inspectors
and required correction.  The Notice also informed her that the City would hold
a hearing on these violations, that she would have the opportunity to be
represented by counsel and present witnesses and evidence, and that the hearing
official would have authority to require compliance with all Code provisions
regulating substandard and dangerous buildings.

The City held the Hearing as provided by the Notice. 
Appellant did not personally appear, but she was represented by counsel.  The
City presented its witnesses and evidence.  Appellant cross-examined the City=s witnesses and
had an opportunity to present evidence, which she declined.  The hearing
official worked with appellant=s counsel to determine how much time
appellant would need to comply with the Order.  The hearing official also
informed appellant=s counsel of the possibility of eventually
having to make additional repairs to her property due to the necessity of
obtaining a certificate of compliance under the Order.  Appellant=s counsel
indicated that he did not have any questions about this procedure, and did not
otherwise object to it.

These procedures satisfy the requirements of procedural due
process.  As courts have noted in similar cases, procedural due process for
administrative proceedings requires no more than Anotice, a proper
hearing, and an impartial trier of fact.@  Nash v. City
of Lubbock, 888 S.W.2d 557, 561, 562 (Tex. App.CAmarillo 1994, no
writ) (holding procedural due process satisfied in property demolition case
because Athe basics of due
process were complied with when [plaintiffs] were given notices of all
hearings, afforded the opportunity to be present and heard, and the order was
issued by an impartial commission@); see also
Chocolate Bayou Water Co. & Sand Supply v. Tex. Natural Res. Conservation
Comm=n, 124 S.W.3d 844, 850 (Tex. App.CAustin 2003, pet.
denied) (holding due process satisfied when notice apprises parties of pendency
of an action and gives parties an opportunity to present objections);  Cedar
Crest # 10, Inc. v. City of Dallas, 754 S.W.2d 351, 352 (Tex. App.CEastland 1988, writ
denied) (holding procedural due process satisfied in property demolition case
when Athe control is
reasonable and the actions otherwise accord procedural fairness@).








The fact that appellant may eventually be required to make
additional repairs that were not specifically discussed in the notice or at the
hearing does not impact our analysis.  Due process does not require that
appellant be informed of every particular repair that may eventually need to be
made to bring her structure into compliance with published city codes.[2] 
As required by the Houston Code of Ordinances, Appellant was given notice of
both the conditions of the structure that violated minimum building standards,
and the conditions that resulted in her building being classified as a
dangerous building.  See Houston Code of Ordinances '' 10-347, 10-364. 
Appellant has accordingly been provided notice and an opportunity to be heard
on the conditions that formed the basis for the Order requiring repairs and an
ultimate showing of compliance with all codes.[3] 
Appellant=s procedural due process claim lacks merit.








Any claim for substantive due process also fails. 
Substantive due process claims require a showing of (1) a protectable interest
in property (2) that is deprived through arbitrary and capricious
government action.  See City of Lubbock v. Corbin, 942 S.W.2d 14, 21
(Tex. App.CAmarillo 1996, writ denied).  Appellant has not
identified a constitutionally protectable property right of which she has been
deprived.  In this case, the Order simply requires that  appellant make a
series of repairs to her property.  Merely issuing an order that property is
substandard and must be repaired or demolished does not, without more, deprive
a landowner of a property interest giving rise to a substantive due process claim. 
See Corbin, 942 S.W.2d at 21. 

It is axiomatic that a municipality, as an arm of the
State, has the constitutional authority to protect the health, safety and
welfare of its citizens by regulating nuisance properties.  Freeman v. City
of Dallas, 242 F.3d 642, 652 (5th Cir.), cert. denied, 534 U.S. 817
(2001).  Interpreting the due process guarantees of the U.S. Constitution, the
Fifth Circuit explained:

[T]he public interest demands that all dangerous conditions
be prevented or abated.  Regulation of nuisance properties is at the heart of
the municipal police power.  It is eminently reasonable for a city to prescribe
minimum property maintenance standards to protect the public and to maintain
adjacent land values. . . .

 

The ordinance
falls well within the City=s police power and thus within a sphere
that courts have traditionally been reluctant to invade.

Id. at 652B53 (citations
omitted).[4] 
As relevant here, the procedures followed by the City of Houston in enforcing
the Houston ordinance are within the City=s police power. 
The City can reasonably insist that a building be brought into compliance with
its municipal codes prior to certifying that a landowner has completed a
mandatory repair process.

 

 








C.      A
reasonable basis for the hearing official=s decision exists.

In her second issue, Appellant claims that the Order lacks
a reasonable basis because it may require her to make repairs on conditions
that were not proved by evidence at the hearing.  This issue is virtually a
restatement of appellants= due process claim, which we do not find
any more persuasive stated as a substantial evidence challenge.

When conducting a substantial evidence review, a court must
affirm an administrative order supported by any quantum of evidence greater
than a scintilla.  R. R. Comm=n of Tex. v. Torch
Operating Co., 912 S.W.2d 790, 792B93 (Tex. 1995). 
In this case, ample evidence supports the City=s Order.  The City
inspector testified regarding his inspections and offered photographs to
support the conclusion that the property both violated minimum building
standards and qualified as a dangerous building.  Although appellant
cross-examined the inspector, she did not offer any evidence that contradicted
his findings.  The evidence accordingly demonstrates a reasonable basis for the
City=s Order.

A reasonable basis for the Order exists even though
appellant may have to repair some conditions that were not discussed at the
hearing.  The evidence that the City introduced, and the findings that the
hearing official made, support the Order=s requirement that
appellant secure and repair the property, and then obtain a certificate of
compliance showing that the property complies with municipal codes.  See,
e.g., Walnut Villa Apartments, L.L.C. v. City of Garland, No.
05-02-00005-CV, 2003 WL 42409, at *2B3 (Tex. App.CDallas Jan. 7,
2003, pet. denied) (mem. op.) (rejecting substantial evidence challenge on
basis of broad order that required demolition of all buildings even though only
some buildings had been inspected).

Because there is an evidentiary basis for the Order in the
record, we overrule appellant=s second issue.

 

 








III.  Conclusion

For the foregoing reasons, we
overrule appellant=s issues and affirm the trial court=s judgment.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 8, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.









[1]  Appellant=s
complaint on appeal appears to be primarily about the alleged denial of
procedural due process rights.  However, because she mentions and cites
authority relevant to substantive due process, we will evaluate the practice on
that ground as well.  





[2]  Appellant argues that she will be required to make
additional repairs of which she was not notified, specifically that she is
required Ato install, remove, alter, repair, replace or remodel
any electrical system or equipment.@ 
Our review of the Order and the record on appeal do not reveal support for this
claim.  At this point, her claim is hypothetical and her injury nonexistent
because she has not yet been required to do anything.  Even assuming that
appellant is required to make such repairs, however, we hold that her
constitutional rights have not been violated in light of the notice and
procedures that the City has provided to her.





[3]  Although appellant does not expressly argue that the
Order is unconstitutional because it is vague, she does complain that the Order
fails to specify exactly which repairs she needs to make and that she will have
to submit to another inspection by the City.  Appellant has made no showing
that this aspect of the City=s process
presents a constitutional problem, and we do not believe that it does.  A Astatute is void for vagueness [only] if it fails to give
a person of ordinary intelligence fair notice that his contemplated conduct is
forbidden by the enactment.@  McDonald,
693 S.W.2d at 661, 662 (holding that a nuisance ordinance was not impermissibly
vague).  The applicable ordinances in this case are published, and A[t]hose residing in or having business dealings with a
city are presumed to know its ordinances.@ 
Trail Enters., Inc. v. City of Houston,
957 S.W.2d 625, 634 (Tex. App.CHouston [14th
Dist.] 1997, pet. denied).

 





[4]  Courts have repeatedly upheld Texas municipal
nuisance regulations and building standards against constitutional challenge.  See
Freeman v. City of Dallas, 186 F.3d 601, 607 (5th Cir. 1999); MacKenzie
v. City of San Marcos, No. SA03CA0250, 2005 WL 492619, at *8 (W.D. Tex.
March 2, 2005); Patel v. City of Everman, No. 4:99CV982BE, 2001 WL
11074, at *4 (N.D. Tex. Jan. 3, 2001), aff=d, 275 F.3d
46 (5th Cir. 2001), cert. denied, 535 U.S. 954 (2002).