Opinion issued July 30, 2009











 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00063-CV
____________

WILLIE H. GOFFNEY and GLADYS R. GOFFNEY, Appellants

V.

HOUSTON INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON,
HOUSTON COMMUNITY COLLEGE SYSTEM, HARRIS COUNTY,
HARRIS COUNTY EDUCATION DEPARTMENT, PORT OF HOUSTON
AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD
CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT,
Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2005-32574



 
MEMORANDUM OPINION

          This is a delinquent ad valorem tax case. Willie and Gladys Goffney appeal
the trial court’s judgment awarding appellees, who are numerous taxing units,



delinquent ad valorem taxes, penalties, and interest on five separate accounts. We
affirm.I. Background
A. The Demolition of the Sakowitz Street Apartments
          The Goffneys owned seven properties comprised of 11 buildings and 85
apartments at 2510 Sakowitz (the “Sakowitz Street Apartments”).


 The City of
Houston (“City”) first became involved with the Goffneys and the conditions existing
at the Sakowitz Street Apartments in June 1998. After conducting a “dangerous
building hearing” at which the Goffneys were present, the City issued an order that
gave the Goffneys 20 days to vacate the structures, 20 days to install perimeter
fencing, 20 days to obtain a City permit to secure the buildings to City specifications,
and 90 days to obtain a City building repair permit or a City demolitions permit. The
order also provided that if the Goffneys failed to comply with the order, the City
“shall be authorized to remedy, alleviate, or remove any substandard or dangerous
building” in accordance with the provisions of the Houston Comprehensive Urban
Rehabilitation and Building Minimum Standards Code (“CURB”) and a lien might
be placed against the property “plus ten percent (10%) interest per annum until paid.” 
The Goffneys did not comply with all of the terms of this order. Gladys Goffney
testified that they engaged a contractor and went looking for a $750,000 loan “to
rehab the whole project” but were unable to complete these rehabilitation efforts
because of a lawsuit brought against her by Sylvia Rabson.


 
          In November 1999, one of the Sakowitz Street Apartment buildings caught fire
and burned. In the succeeding months, six other buildings on this property caught
fire and burned. As a result, the City issued a series of demolition orders for the
property. Between November 15, 1999 and May 4, 2000, the Sakowitz Street
Apartment buildings were demolished by the City. The City did not hold any
hearings before the buildings were demolished.
          On May 11, 2000, the Dangerous Building Enforcement Neighborhood
Protection Division made a “Request to Schedule Emergency Hearing” regarding the
Sakowitz Street Apartments. That request was made one week after the last of the
buildings was demolished. 
          By letters dated July 19, 2000 and sent by certified mail, return receipt
requested, the City sent to all persons having an interest in the property as shown by
the Harris County real property records, including the Goffneys, notice that the
Sakowitz Street Apartments had been demolished because they posed “an immediate
danger to the health, life or safety” of persons and that a hearing “concerning the
actions taken” by the City “in connection with” the demolition of the buildings was
set for August 7, 2000 at 8:30 a.m. After conducting the hearing, the City hearing
officer entered several orders in which he decreed that the Sakowitz Street
Apartments “were a dangerous building as defined in the City of Houston Code of
Ordinances” and that the City was required to take immediate action to demolish the
buildings pursuant to the City’s ordinances. 
B.      Events in Rabson v. Goffney
          On January 7, 1999, Thomas and Sylvia Rabson were awarded a judgment
against Gladys Goffney stemming from Mrs. Goffney’s representation of Sylvia
Rabson in a will contest that terminated unfavorably to Rabson. See Goffney v.
Rabson, 56 S.W.3d 186 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). 
          After filing a “Notice of Judgment Lien Interest in Community Property of
Gladys R. Goffney, Wife of Willie H. Goffney,” the Rabsons obtained an alias writ
of execution. Actions taken based on that writ culminated in a Deed Under
Execution, filed October 25, 1999, which transferred ownership of Gladys Goffney’s
interest in many tracts of property to Rabson and Broocks, L.P. Included in the Deed
of Execution were the Sakowitz Street Apartments.



          The Rabsons then returned to the 55th Judicial District Court seeking
appointment of a receiver. The trial court appointed Steven Weltman (“Master”) as
receiver and Master in Chancery “with the power and authority to take possession of
and sell the non-exempt property, real and personal of Respondent [Gladys
Goffney].” The trial court’s order also gave the Master the authority to “take
possession of and sell the community interest in any and all exempt real or personal
property of Willie Goffney.”


 
          Gladys Goffney appealed the trial court’s judgment to the Fourteenth Court of
Appeals. The appellate court reversed the judgment in favor of the Rabsons and
rendered a take-nothing judgment. As a result of the outcome of that appeal, the real
property upon which the Rabsons had levied execution was reconveyed back to
Gladys Goffney by a special warranty deed. 
 
                                         II. Procedural History
 
          After the demolition of the Sakowitz Street Apartment buildings, the City filed
this action against the Goffneys to recover a judgment in the amount of $114,051.12
for special assessments made due to the demolition pursuant to Chapter 342 of the
Texas Health and Safety Code Ann., Article XI, Chapter 10 of the Houston Code of
Ordinances, and Article IV, Section 9 of the City of Houston Charter. See Tex.
Health & Safety Code Ann. § 342.006 (Vernon Supp. 2008). The City and the
taxing units also sought to collect delinquent ad valorem property taxes on the
Sakowitz Street Apartments and other real property owned by the Goffneys for years
ranging from 1999 to 2004. 
          Following a bench trial, the trial court found the Goffneys owed the delinquent
ad valorem taxes and the special assessments to the taxing units, and awarded them
the amounts due. The Goffneys timely filed a motion for new trial, which was
overruled. 
          On appeal, the Goffneys complain of the City’s demolition of the Sakowitz
Street Apartments and assessment of demolition costs. In their first two issues, the
Goffneys argue that the trial court erred in entering judgment in favor of the City and
the taxing units because (1) the City’s emergency hearing regarding the demolition 
of the Sakowitz Street Apartments did not comport with procedural due process and
(2) sections 373 and 395 of CURB, which give the City the authority to demolish the
apartment buildings and place a lien against the property for the costs of the
demolition, violate their procedural due process rights guaranteed under the United
States Constitution and the Texas Constitution. In their final issue, the Goffneys
contend that the trial court erred in dismissing their counterclaim without a hearing.III. Discussion
A.      Standing 
           We will first address the City’s and taxing units’ contention that the Goffneys’
lack standing to bring this appeal challenging the constitutionality of the August 7,
2000 hearing and the assessment of demolition fees against them. Specifically, the
City contends that the Goffneys do not have standing because they did not own title
to the property either at the time of this hearing or when the Sakowitz Street
Apartment buildings were demolished.



          Generally, only parties of record have standing to appeal. See Cont’l Cas. Co.
v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987). Standing requires that the parties have
a real controversy which can actually be determined by the relief sought. Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d. 440, 446 (Tex. 1993). In other words,
a person has standing to appeal when he is personally aggrieved by the alleged
wrong. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661
(Tex. 1996). 
          In this case, the trial court signed a judgment for damages against the Goffneys
based on evidence regarding the outcome of the municipal hearing held on August
7, 2000, the City’s demolition of the Sakowitz Street Apartment buildings, and the
City’s assessment of the demolition costs. At trial, the City contended that it had the
authority to seek recovery of the demolition costs under CURB. Thus, regardless of
whether the Goffneys had legal title to the property at the time of the City’s hearing,
demolition, and assessment of demolition costs, they were personally aggrieved by
the entry of a judgment holding them liable for costs incurred in connection with the
City’s actions, including its enforcement of CURB, and the resolution of the issues
presented on appeal challenging the legality of those actions will affect the Goffneys’
interests. Under these circumstances, we conclude that the Goffneys have standing
to appeal the City’s and taxing units’ judgment. See Nevada Gold & Silver, Inc. v.
Andrews Indep. Sch. Dist., 225 S.W.3d 68, 74 (Tex. App.—El Paso 2005, no pet.). 
B.      Due Process Challenge to August 7, 2000 Hearing

          In their first issue, the Goffneys contend that the trial court erred in entering
judgment in favor of the City and the taxing units because the City violated the
Master’s constitutional right as an “owner” of the property to procedural due process
by failing to notify him of the August 7, 2000 hearing regarding the demolition of the
apartments. The Goffneys argue that they have standing to assert the Master’s
procedural due process claims because their “equitable” title to the property merged
with the Master’s “legal” title to the property at the conclusion of the Rabson
litigation. 
          Additionally, the Goffneys contend that the City violated the CURB
ordinance’s requirement that a hearing be conducted no later than 90 days after a
demolition. As a result, the Goffneys argue, the City’s hearing officer lacked subject
matter jurisdiction to enter any orders concerning the property at the August 7, 2000
hearing. For these reasons, the Goffneys contend that the entire hearing was unlawful
and any order issued by the hearing officer concerning the demolition and the
assessment of demolition costs cannot serve as the basis for the trial court’s judgment
against them. We find these arguments unpersuasive.
          The Goffneys have no standing to assert any constitutional due process rights
belonging to the Master. Generally, only the entity that has not been properly served
with notice has standing to challenge the violation of its procedural due process
rights. See Sw. Constr. Receivables, Ltd. v. Regions Bank, 162 S.W.3d 859, 864 (Tex.
App.—Texarkana 2005, pet. denied). With the single exception of the principle
allowing an insurance company to stand in the shoes of its insured, we have found
nothing in our statutes or Texas caselaw that supports the Goffneys’ position that a
defendant in a civil suit has standing to challenge, on procedural due process grounds,
whether a third party has been properly given notice of a hearing; nor have the parties
directed this Court’s attention to any such authority. See id. No evidence in the
record indicates that the Master assigned his right to assert such a claim to the
Goffneys. Based on the absence of authority and evidence in support of the
Goffneys’ novel standing argument, we reject their attempt to assert the Master’s
procedural due process claims.            Nor were the Goffneys personally deprived of procedural due process as a
result of the lack of notice to the Master. The record reflects that the lack of notice
to the Master did not, in any way, prevent the Goffneys from receiving notice or
having an opportunity to air their complaints at that hearing regarding the City’s
conduct. It is undisputed that the Goffneys received actual notice that the City
demolished the Sakowitz Street Apartments because they posed “an immediate
danger to the health, life or safety” of persons, and that a hearing “concerning the
actions taken” regarding this property by the City was set for August 7, 2000 at 8:30
a.m.


 The notice advised the Goffneys that, at the hearing, they could “appear in
person and/or be represented by counsel” and that they would be able to “present
testimony and cross examine all witnesses” at the hearing. The Goffneys do not
complain on appeal that the City’s hearing officer prevented them from exercising
any of these rights. 
          Finally, the City’s failure to hold the hearing within the CURB ordinance’s 90-day time limit for setting “emergency” hearings does not deprive the City hearing
officer of subject matter jurisdiction to enter orders regarding the Sakowitz Street
Apartments.


 The CURB ordinance creates the position of hearing official and grants
him certain powers and responsibilities regarding demolished properties. 
Specifically, pursuant to CURB sections10-317, 10-365 and 10-432, the hearing
official designated by the Houston Chief of Police, is empowered to conduct and
issue rulings in the type of post-deprivation hearing now challenged by the Goffneys. 
See Houston, Tex., Comprehensive Urban Rehab. And Bldg. Min. Standards
Code, ch. 10, art. IX, §§§ 317, 365, 432 (2009). Nowhere does the CURB ordinance
state that the 90-day time limit is a jurisdictional requirement for a post-deprivation
hearing like the August 7, 2000 hearing held in this case. See, e.g., Albertson’s, Inc.
v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999) (holding that “just because a statutory
requirement is mandatory does not mean that compliance with it is jurisdictional.”). 
Accordingly, the City’s failure to hold the post-deprivation hearing within 90 days
of the first demolition does not deprive the City’s hearing officer of subject matter
jurisdiction regarding the Sakowitz Street Apartments. 
          Since the 90-day limit for setting hearings under CURB is not jurisdictional,
the Goffneys must have presented their arguments regarding the City’s alleged failure
to comply with this time limit to the trial court, or these arguments are waived on
appeal. See Hassan v. Greater Houston Transp. Co., 237 S.W.3d 727, 731 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied) (holding arguments regarding
compliance with mandatory, nonjurisdictional requirements can be waived if not
timely asserted). Texas Rule of Appellate Procedure 33.1 requires that a party present
the complaint to the trial court in a manner that states “the grounds for the ruling . .
. with sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds [are] apparent from the context.” Tex. R. App. P. 33.1(a)(1)(A). 
          A review of the record reveals that the Goffneys did not present any arguments
to the trial court regarding the time limit for setting emergency hearings, nor did they
reference the pertinent section of the ordinance.


 Therefore, the Goffneys did not
preserve this issue for appeal. See id. Accordingly, the Goffneys’ first issue is
overruled.
C.      Due Process Challenge to sections 373 and 395 of CURB 
          In their second issue, the Goffneys argue that sections 373 and 395 of CURB
violate the procedural due process requirements of the Fourteenth Amendment of the
United States Constitution and the Texas Constitution. Section 373, Article IX,
Chapter 10 of the City of Houston’s Code of Ordinances sets forth the administrative
expenses of inspecting buildings, locating owners, conducting hearings, and issuing
notices and orders.


 Section 395 of the ordinance provides that the cost of the work
and the administrative expenses incurred in vacating, securing, repairing or
demolishing a dangerous building shall constitute a lien on the property.


 The
Goffneys contend that these ordinances are unconstitutional because they fail to
provide procedural due process, specifically “an opportunity to promptly receive
actual notice of the charges for demolition or any other costs associated with the
demolition as soon as the costs occur rather than simply receiving constructive notice
of the filing of a lien.” The Goffneys also argue that these ordinances fail to provide
property owners with an opportunity to be heard regarding any cost discrepancies.
The City and the taxing units respond that, pursuant to Texas Rule of Appellate
Procedure 33.1, the Goffneys have waived these arguments on appeal because they
failed to present them to the trial court. We agree.
          The Goffneys have not preserved error regarding their constitutional due
process challenges to sections 373 and 395 of CURB because they failed to present 
these arguments to the trial court. See Tex. R. App. P. 33.1(a)(1)(A). The record
refects that, at trial, the Goffneys did not plead or argue that these ordinances violated
either the Texas or United States Constitution. 
           A party must first present due process arguments to the trial court to pursue
them on appeal. See, e.g, In re L.M.I. & J.A.I, 119 S.W.3d 707, 711 (Tex. 2003);
Ratsavong v. Menevilay, 176 S.W.3d 661, 671 (Tex. App.—El Paso 2005, pet.
denied) (due process arguments waived when they were not brought to trial court’s
attention); Santos v. Comm’n for Lawyer Discipline, 140 S.W.3d 397, 404–05 (Tex.
App.—Houston [14th Dist.] 2004, no pet.); McDonald II v. State, 693 S.W.2d 660,
661 (Tex. App.—Dallas 1985, no writ).
           Notwithstanding their arguments on appeal, the Goffneys did not present any
arguments to the trial court that made the court aware that they were raising a due
process challenge as to the mechanism by which costs are imposed under the
ordinance or as to the ordinance itself. In their “Original Answer to Plaintiffs’
Second Amended Petition for Taxes and Claim for City of Houston Special
Assessments,” and in their counterclaim, the Goffneys make only one passing
mention of due process. In their original answer, the Goffneys’ complain of the
City’s failure to notify them of the emergency hearing. The Goffneys’ counterclaim
addresses the City’s failure to send notice of the demolishment and the demolition
lien to the correct address. Such solitary and passing references to due process
without any specific citation to caselaw were insufficient to alert the trial court or the
opposing parties that the Goffneys were asserting a constitutional complaint
regarding the ordinances themselves. See Lee v. City of Houston, No. 14-05-00366-CV, 2006 WL 2254401, at *4 (Tex. App.—Houston [14th Dist.] Aug. 8, 2006, pet.
denied) (mem. op.) (holding single reference to due process insufficient to assert due
process challenge on appeal). Furthermore, the due process arguments the Goffneys
raise on appeal, which concern the ordinance itself, do not comport with the due
process arguments they attempted to raise in the trial court regarding notice of
hearing and demolition. See Wolfahrt v. Holloway, 172 S.W.3d 630, 639–40 (Tex.
App.—Houston [14th Dist. 2005], pet. denied) (holding that to preserve error, party’s
argument in trial court must comport with argument on appeal). Accordingly, error
was not preserved under Rule 33.1 and we overrule the Goffneys’ second issue.



D.     Dismissal of the Goffneys’ Counterclaim Without a Hearing
         In issue three, the Goffneys contend that the trial court erred in dismissing their
counterclaim without a hearing. 
         Texas Rule of Appellate Procedure 38.1(h) requires that an appellant’s brief
“must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” Tex. R. App. P. 38.1(h). “Rule 38 requires
[a party] to provide us with such discussion of the facts and the authorities relied upon
as may be requisite to maintain the point at issue.” Tesoro Petroleum Corp. v. Nabors
Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied). Issues on appeal are waived if an appellant fails to support his contention by
citations to appropriate authority. Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d
237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Daniel v. Falcon Interest
Realty Corp., 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
         The Goffneys’ argument with respect to their third issue does not cite any
authority in support of their contention that the trial court was required to hold a
hearing before dismissing their counterclaims. We therefore hold that the Goffneys
have waived their third issue because of inadequate briefing. Tex. R. App. P. 38.1(h);
Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.]
2002, no pet.)
IV. Conclusion
         For the foregoing reasons, we overrule the Goffneys’ issues and affirm the trial
court’s judgment.
                                                  
 
 
 
 
                                                            George C. Hanks, Jr.
                                                            Justice
 
Panel consists of Justices Keyes, Hanks, and Bland.